Denis Edward **DEHNE**, Plaintiff—
Appellant,

v.

Richard **HILL**, an individual; Krys
Bart, an individual; Gary Notting-
ham, an individual; Airport Authority
of Washoe County, a political subdivi-
sion of the State of Nevada, Defen-
dants—Appellees.

No. 02–15886.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 2003.

Decided Sept. 8, 2003.

Jeffrey A. Dickerson, Esq., Martin G. Crowley, Esq., Reno, NV, for Plaintiff–Appellant.

Thomas P. Beko, Esq., Reno, NV, for Defendants–Appellees.

Before: REINHARDT and GRABER, Circuit Judges, and RHOADES, District Judge.*

### MEMORANDUM **

Denis E. "Sam" Dehne attended a public meeting of the Airport Authority of Washoe County. He spoke briefly from the podium and was later ejected from the meeting at the direction of Richard Hill, the Chairman of the Authority's Board of Trustees. Dehne sued Hill and the Authority (collectively "Hill"), claiming that he was ejected in retaliation for the views he had expressed from the podium. The district court granted summary judgment in favor of Hill. We reverse.

Dehne's speech from the podium was core political speech subject to full First Amendment protection. *See Boos v. Barry*, 485 U.S. 312, 322, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988) ("[I]n public debate our own citizens must tolerate insulting, and even outrageous, speech in order to provide adequate breathing space to the freedoms protected by the First Amendment." (internal quotation marks omitted)); *Ariz. Right to Life PAC v. Bayless*, 320 F.3d 1002, 1014 (9th Cir.2003). At public meetings, however, even political speech may be restricted, so long as the restrictions are "reasonable and viewpoint neutral." *Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 270 (9th Cir.1995). Under *Kindt*, Dehne's behavior after Hill accused him of saying "spit on it" may have been sufficiently disruptive to justify his ejection.

We need not determine here, however, whether Dehne's conduct could have justified his removal from the meeting, if the motivation for his removal was disruptive behavior, because Dehne asserts that the real reason he was ejected was the critical views he had expressed at the podium about Hill and Hill's policies. He thus asserts that his ejection was an impermissible retaliation against him because of his views. For his retaliation claim to succeed, Dehne must show that his speech from the podium was a "substantial" or "motivating" factor in Hill's decision to eject him. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Following such a showing, Hill can nonetheless prevail if he can show that he would have ejected Dehne for disruptive behavior regardless of Dehne's speech or viewpoint. *Id.*

■ Generally, questions of motivation raise issues of fact that must be decided by a jury. This case is no exception. It is possible that a reasonable jury could infer that Dehne's speech from the podium was a substantial or motivating factor in Hill's decision to eject him and that Hill would not otherwise have done so. *See Allen v. Iranon*, 283 F.3d 1070, 1077 (9th Cir.2002) (noting that the substantial or motivating factor element may be met with either direct or circumstantial evidence). Reasonable jurors could draw such an inference from such factors as the proximity in time between Dehne's speech from the podium and his ejection by Hill, and the fact that Dehne's speech was contrary to

---

* The Honorable John S. Rhoades, District Judge, Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the views of, and insulting to, Hill personally. *See also Ulrich v. City & County of S.F.*, 308 F.3d 968, 980 (9th Cir.2002) ("[E]vidence showing motive may fall into three, nonexclusive categories: (1) proximity in time between the protected speech and the alleged retaliation; (2) the employer's expressed opposition to the speech; and (3) other evidence that the reasons proffered by the employer for the adverse employment action were false and pretextual." (internal quotation marks omitted)). Like proof of motive in other contexts, the substantial or motivating factor element "involves questions of fact that normally should be left for trial." *Id.* at 979.

█ Hill argues that, even if a reasonable jury could find retaliation, qualified immunity shields him from liability. Public officials are entitled to qualified immunity for acts that do not violate "clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). We may not affirm the grant of summary judgment on this basis unless, assuming that all disputed facts are resolved favorably to Dehne, and that all reasonable inferences are drawn in his favor, we determine that a reasonable official in Hill's position would not understand that ordering Dehne's ejection would violate the First Amendment. *See Saucier v. Katz,* 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Because we must assume on summary judgment that the question whether Hill's motivation was to retaliate against Dehne for the viewpoint he expressed at the meeting is resolved in Dehne's favor, a reasonably informed public official, chairing such a meeting, would understand that ejecting Hill would, under

the circumstances, violate the First Amendment. Qualified immunity is therefore unavailable to Hill on summary judgment.

**REVERSED and REMANDED.**