**Denis Edward DEHNE, Plaintiff–Appellant,**

v.

**Richard HILL; Airport Authority of Washoe County, Defendants–Appellees.**

**No. 04–17289.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2007.

Filed Feb. 20, 2007.

Martin G. Crowley, Esq., Reno, NV, for Plaintiff–Appellant.

Thomas P. Beko, Esq., Erickson Thorpe & Swainston Ltd., Reno, NV, for Defendants–Appellees.

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND,* District Judge.

## MEMORANDUM **

Denis "Sam" Dehne appeals an order of final judgment entered on November 8, 2004, in favor of Richard Hill and the Airport Authority of Washoe County. As the basis for his appeal, Dehne challenges a jury instruction and two evidentiary rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Dehne attended a public meeting of the Board of Trustees of the Airport Authority of Washoe County ("Airport Authority") on September 14, 2000. During the meeting, Dehne became disruptive when Hill, then the Chairman of the Board of Trustees, ordered him to refrain from insulting another speaker. The resulting disruption caused Hill to have Dehne forcibly removed from the meeting. Dehne subsequently filed this lawsuit, in which he alleges a violation of his First Amendment rights pursuant to 42 U.S.C. § 1983. The district court granted summary judgment in favor of the defendants on March 28, 2002, but a prior panel of this court reversed the district court's summary judgment decision on September 8, 2003, and remanded for trial. *See Dehne v. Hill,* 74 Fed.Appx. 794, 796 (9th Cir.2003). The

---

\* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court held a jury trial on November 1 and 2, 2004, and the jury returned a verdict in favor of Hill and the Airport Authority. Dehne appeals the district court's judgment based on a jury instruction and two evidentiary rulings.

■ First, Dehne objects to a jury instruction that, in his view, constituted judgment as a matter of law.[1] The disputed instruction, Jury Instruction No. 7, stated, in relevant part: "Dehne's behavior in confronting Hill was sufficiently disruptive to justify his ejection from the meeting, but only if Hill did not eject Dehne because Dehne expressed views hostile to Hill during the public comment portion of the meeting." According to Dehne, the first clause of that sentence directed the jury to find for the defendants. We disagree. The instruction clearly leaves open the possibility that Dehne could prevail if he could demonstrate that Hill ejected him in retaliation for his views. Thus, the instruction did not compel the jury to find in favor of the defendants and, consequently, cannot be considered a grant of judgment as a matter of law.

■ Second, Dehne argues that the district court erred by excluding any evidence of Dehne's arrest and prosecution that resulted from his outburst at the Airport Authority meeting. According to Dehne, this error prejudiced him because he was unable to demonstrate any damages worthy of monetary relief. Evidentiary rulings are reviewed for an abuse of discretion. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004). To reverse on the basis of an erroneous evidentiary ruling, we must not only conclude that the district court abused its discretion, but

also that the error was prejudicial. *Id.* Prejudice means that, more probably than not, the lower court's error tainted the verdict. *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir.2005). The jury rendered a verdict in favor of Hill, finding no liability to Dehne. Accordingly, the exclusion of evidence on damages could not have tainted the verdict because the jury found no liability. Dehne suffered no prejudice from the evidentiary ruling. Thus, even if the district court erred in excluding the evidence on damages, the error was harmless.

■ Finally, Dehne argues that the district court erred by allowing the defendants to play a video tape that showed eleven prior incidents in which he disrupted previous public meetings held by the Airport Authority. Specifically, Dehne contends that the evidence was irrelevant. However, evidence of motive is generally relevant and admissible. *See United States v. Allen*, 341 F.3d 870, 886 (9th Cir.2003). In this case, the video was clearly relevant to the central issue in the case—Hill's motive for ejecting Dehne from the meeting. It demonstrated that Hill tolerated Dehne's critical statements in the past and that Hill typically treated Dehne with respect. Also, the video showed that Dehne routinely heckled other speakers with whom he did not agree. To prevent the video from having an unfair prejudicial effect, the district court gave the jury a cautionary instruction on the purpose of the evidence. Therefore, the district court did not abuse its discretion by allowing Hill to play the video of Dehne's prior conduct at Airport Authority meetings.

---

1. A district court's formulation of civil jury instructions is reviewed for abuse of discretion and will not be reversed if harmless.

*Tritchler v. County of Lake*, 358 F.3d 1150, 1154 (9th Cir.2004).

Because the jury instruction and evidentiary rulings were proper, we affirm the district court's order of final judgment.

**AFFIRMED.**