Marvin C. JORDAN, an individual, Plaintiff—Appellant,

v.

AIR PRODUCTS AND CHEMICALS, INC., a Pennsylvania Corporation; Shelley Stuart, an individual, Defendants—Appellees.

No. 03–55972.

D.C. No. CV–01–05471–DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2005.

Decided Feb. 25, 2005.

Emmanuel C. Akudinobi, Akudinobi & Ikonte, Los Angeles, CA, for Plaintiff-Appellant.

**538**

Michael L. Wolfram, Wolfram Workplace Law, Camarillo, CA, for Defendant-Appellee.

Before NOONAN, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

Marvin C. Jordan appeals the district court's judgment following a jury verdict for Air Products & Chemicals on his claim under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301–33. Jordan contends that the district court incorrectly limited the issues for trial to the question of Jordan's damages from Air Products's failure to reinstate him in violation of 38 U.S.C. § 4312. He also challenges the district court's instruction to the jury on this question. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The disputed instruction, Number 17, properly reflected the basic principle that an employee's damages for employment discrimination are limited to those that are caused by the employer's unlawful action. *See, e.g., O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 759–61 (9th Cir.1996); *NLRB v. Fort Vancouver Plywood, Co.*, 604 F.2d 596, 602 (9th Cir.1979). Although the district court adapted much of the language of its instruction from the text of 38 U.S.C. § 4311, the derivation of the instruction is not dispositive here. Rather, the district court's instruction looked to the language of § 4311 as a means to convey the essential principles underlying a damages award for the

§ 4312 violation in this case. Having sufficiently described for the jury the nature of the remedy, any error by the district court relying, in part, on language from § 4311 is harmless. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1154 (9th Cir.2004).

The district court did not abuse its discretion in modifying its pretrial order to dismiss Jordan's § 4311 employment discrimination claim and his several state law claims. Having determined on summary judgment that Air Products failed to reinstate Jordan as required by § 4312, and that any liability for that violation was exclusive of claims based upon an alternative theory of unlawful employment termination, the district court properly dismissed Jordan's remaining claims, each of which depended upon an act of termination by the employer.

Jordan's motion for waiver of fees and costs on appeal is granted. *See* 38 U.S.C. § 4323(h)(1).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.