Carrie **TRITCHLER**, Plaintiff–
Appellant,

v.

The **COUNTY OF LAKE**, The Superior
Court in and for the County of Lake,
and Lee B. Poole, Defendants–Appellees.

No. 02–15687.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Filed Feb. 18, 2004.

Henry F. Telfeian, Law Office of Henry F. Telfeian, Berkeley, CA, and David C. Anton, Law Office of David C. Anton, Davis, CA, for the plaintiff-appellant.

Michael D. Senneff, Senneff, Freeman & Bluestone, LLP, Santa Rosa, CA, for defendants-appellees The County of Lake and The Superior Court in and for the County of Lake.

Dana Beernink Simonds, Shapiro, Galvin, Shapiro, Piasta & Moran, Santa Rosa, CA, for defendant-appellee Lee B. Poole.

Before CUDAHY,* GOODWIN and KLEINFELD, Circuit Judges.

## OPINION

CUDAHY, Circuit Judge:

Carrie Tritchler was employed as a court reporter by the Lake County Superior Court ("Superior Court") from 1989 until May 22, 1996, when her employment was terminated for reasons that are not directly related to this litigation. She had been supervised by defendant Lee Poole from the commencement of her employment until he was terminated in 1994 as a consequence of Tritchler's sexual harassment complaint. After two jury trials resulting in two verdicts against her, the first of which this court reversed due to inconsistent jury findings, Tritchler now

---

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

appeals the most recent verdict on grounds of lack of jurisdiction, errors of law and errors at trial.

Under 28 U.S.C. § 1331, the district court had original jurisdiction of the Title VII claims in Tritchler's original complaint and supplementary jurisdiction over her California Fair Employment and Housing Act (FEHA) claims under 28 U.S.C. § 1367. Tritchler dropped her Title VII claims on the eve of the first trial in late 1997, leaving only state claims. On several occasions after that, all parties assented to the district court's retaining supplemental jurisdiction, but in July 2001, Tritchler changed her position at a hearing on the defendants' motion for summary judgment. Although she now contests the district court's continued exercise of jurisdiction, this court has jurisdiction to hear her appeal under 28 U.S.C. § 1291.

### Jurisdictional Arguments

■ A district court's decision whether to retain jurisdiction over supplemental claims once the original federal claims have been dismissed is reviewed for abuse of discretion. *Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1187 (9th Cir.2001). Tritchler's jurisdictional arguments all boil down to the same assertion: that by pleading an Eleventh Amendment immunity defense in its Answers, the Superior Court became immune from suit, even though it has litigated Tritchler's suit and won on the merits. Additionally, Tritchler argues that Poole was an employee of the Superior Court and was therefore also immune from suit, despite the fact that he never pleaded immunity.

■ With respect to Poole, it is not necessary to determine whether Poole was an employee of the Superior Court (and therefore the State) or an employee of Lake County—or, for that matter, which entity would have been ultimately responsible for any judgment against him—because Tritchler has overlooked one key

and decisive fact: Poole explicitly waived the immunity defense, by failing to assert it in his Answer and by later affirmative declaration. *Cf. Hill v. Blind Indus. and Servs. of Md.,* 179 F.3d 754, 762 (9th Cir. 1999) ("[B]y appearing and litigating the merits of the controversy without objection, the state has waived its Eleventh Amendment immunity and consented to the jurisdiction of the federal court."). Poole's possible entitlement to immunity is thus irrelevant because he has never pleaded it. Even if we were to accept Tritchler's argument that he was employed by the Superior Court and not by Lake County, merely being employed by an entity that has pleaded the defense doesn't automatically render the defense applicable to him.

■ Because defendant Superior Court did plead Eleventh Amendment immunity, we must reach Tritchler's substantive argument, brazen though it is given her own repeated assent to the district court's continued exercise of jurisdiction. It is unnecessary to decide whether the district court erred in determining that the Superior Court had waived the immunity that it pleaded, because Tritchler does not have standing to raise the immunity defense on behalf of the Superior Court in the first place, and the Superior Court has very clearly announced that it does not want to assert the defense, given that it has won (twice) on the merits. Following Tritchler's argument to its logical conclusion, a losing plaintiff could raise an immunity claim belonging to the State so long as the State had pleaded it, and would thereby get another bite at the apple. Moreover, as soon as the State pleaded its immunity defense, the district court would apparently lose jurisdiction, a result not contemplated either by the Eleventh Amendment or by the case law. We have stated that Eleventh Amendment immunity "does not

implicate a federal court's subject matter jurisdiction in any ordinary sense" and that it "should be treated as an affirmative defense." *ITSI TV Prods., Inc. v. Agric. Ass'ns,* 3 F.3d 1289, 1291 (9th Cir.1993). An affirmative defense is the defendant's to raise, not the plaintiff's. The district court had jurisdiction subject to the defendant's possible Eleventh Amendment immunity, but that gives the unsuccessful plaintiff no basis for challenging the court's jurisdiction.

### Claimed Errors of Law

■ We review the district court's conclusions of law de novo. *Zivkovic v. So. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir.2002). Tritchler argues that the district court should have applied California's judicial estoppel doctrine to bar the defendants from litigating whether Poole's conduct toward her was welcome, when there had been an administrative finding, affirmed on administrative appeal, that his conduct was unwelcome. But the district court was correct that we had already ruled on this issue in Tritchler's first appeal, when we held that "the County and Court did not take incompatible positions because the conduct constituting a violation of County Policies differed to such a degree from the conduct required for a Title VII violation or a FEHA violation." *See Tritchler v. County of Lake,* 232 F.3d 897 (9th Cir.2000), 2000 U.S.App. LEXIS 17463 at *18 (unpublished) (citations omitted) (*"Tritchler I "*).

Tritchler argues that the California Supreme Court's decision in *Johnson v. City of Loma Linda,* 24 Cal.4th 61, 99 Cal. Rptr.2d 316, 5 P.3d 874 (Cal.2000), which was issued after we decided Tritchler's first appeal, requires a finding that the application of judicial estoppel is mandatory under state law where an administrative decision is not appealed. However, *Johnson* did not involve the doctrine of judicial estoppel; rather, it addressed the doctrine of exhaustion of judicial remedies. In fact, *Johnson,* as well as all of the other cases cited by Tritchler, dealt with situations where the *plaintiff* had failed to appeal an adverse administrative decision and therefore had failed to exhaust his or her administrative or judicial remedies. A *defendant,* who has been found by an administrative board to have sexually harassed an employee, is not required to appeal separately the administrative finding in order to argue to the contrary.

### Claimed Errors at Trial

■ A district court's formulation of jury instructions is reviewed for abuse of discretion, and harmless errors do not require reversal. *Monroe v. City of Phoenix,* 248 F.3d 851, 857, 860 (9th Cir.2001). Tritchler argues that the district court erred in requiring the jury to find that she had been sexually harassed as a prerequisite to reaching the question whether her complaint had been investigated. The district court was correct that we had already ruled on this issue in Tritchler's first appeal, holding that "[t]he district court properly instructed the jury" with respect to the requirement that she be found to have been subjected to sexual harassment stemming from a hostile environment before reaching the issue whether there was a failure to investigate her complaint in violation of California Government Code § 12940(k). *Tritchler I* at *5, citing *Trujillo v. North County Transit Dist.,* 63 Cal.App.4th 280, 283–84, 73 Cal.Rptr.2d 596 (1998). Tritchler attempts here to distinguish *Trujillo* by arguing that the plaintiff in *Trujillo* did not allege a failure to investigate. But Tritchler's attempt to distinguish *Trujillo* fails because the language of *Trujillo* is not limited in the way Tritchler suggests, and the administrative decisions cited in support of her argument are non-precedential.

There is a California Appeals Court decision, not cited by any of the parties, which states that the duty to investigate is an affirmative obligation. In the context of an employee who sued for psychological and emotional distress due to an investigation of racial discrimination claims against him, the court found that "[p]rompt investigation of a discrimination claim is a necessary step by which an employer meets its obligation to ensure a discrimination-free work environment." *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.,* 103 Cal.App.4th 1021, 1035–36, 127 Cal. Rptr.2d 285 (Cal.Ct.App.2002). But this does not appear to be inconsistent with *Trujillo's* holding that a finding of discrimination is required before a failure to investigate a discrimination complaint would become actionable. If there is no discrimination, then the failure to investigate has no effect on the existence of a discrimination-free workplace. The district court did not abuse its discretion.

■ Tritchler next argues that the district court improperly required the jury to focus on the conduct of named individuals rather than on the overall working conditions she encountered at her place of employment. While it is true that the Special Verdict form did mention specific individuals and did not mention that the "totality of the circumstances" should be considered, the jury instructions for this issue had included specific names in accordance with Tritchler's wishes. Since the jury was further instructed to consider all of the circumstances, and the Special Verdict form for this question referenced the jury instructions, which stated that "[i]n determining whether an environment is hostile or abusive, you must consider all of the circumstances," the Special Verdict form was not in error.

■ A district court's evidentiary rulings are also reviewed for abuse of discretion, and the appellant is additionally required to establish that the error was prejudicial. *Freeman v. Allstate Life Ins. Co.,* 253 F.3d 533, 536 (9th Cir.2001). Tritchler argues that the district court erroneously prevented her from focusing the jury's attention on specific portions of a voluminous document that had been admitted into evidence. Although she rightly observes that the evidence had already been admitted and that she should be able to use her allotted trial time however she thinks best, the standard of review here is whether the district court committed a prejudicial abuse of discretion. The district court acted within the bounds of its discretion in determining that the portions Tritchler sought to read during argument would have been inflammatory if read out of context, and that putting them into context would have taken too much time. Moreover, since Tritchler was allowed to, and did, read these portions to the jury during closing argument, she fails to show that she was effectively prevented from giving the jury direction as to what portions of the document were important. She therefore was not prejudiced by this decision of the district judge.

Last, Tritchler argues that she was barred from making offers of proof with regard to various motions in limine. However, she fails to specify in her opening brief what offers were barred and how she was prejudiced. Tritchler has therefore failed to demonstrate that any particular district court ruling was erroneous, or that she was prejudiced in any way by these rulings. Thus, there was no error.

**Conclusion**

Tritchler's remaining issues are not claimed to require reversal; rather, they are claimed to apply if we were to remand for a new trial. However, because Tritchler has not shown that any of the district court's findings are erroneous, these issues

are irrelevant, since the decision of the district court is

AFFIRMED.