D.A.N. JOINT VENTURE, a Limited Partnership, an Ohio Limited Partnership, Plaintiff—Appellee,

v.

Nasser BINAFARD; Soleyman Binafard, Defendants—Appellants.

No. 03–55326.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 29, 2004.

Gary L. Barr, Esq., Alpert and Barr, Encino, CA, for Plaintiff–Appellee.

Edwin J. Howard, Wilner, Klein & Siegel, Beverly Hills, CA, for Defendants–Appellants.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM *

Plaintiff–Appellee D.A.N. brought a diversity action against Defendants–Appellants Nasser and Soleyman Binafard ("Binafards") alleging that the Binafards committed bad faith waste which substantially impaired D.A.N.'s security interest in a building. The Binafards appeal the district court's denial of their motion for a new trial and renewed motion for judgment as a matter of law, following a jury verdict of more than $2.8 million in favor of D.A.N.

We review questions of law *de novo*, *Milenbach v. Commissioner*, 318 F.3d 924, 930 (9th Cir.2003), and evidentiary rulings for an abuse of discretion, *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

The Binafards purchased a building (the "Jewelry Center") located in downtown Los Angeles. D.A.N. was the owner of an $8 million promissory note secured by a deed of trust on the Jewelry Center. The Binafards defaulted on the promissory note by failing to make twenty-six monthly payments totaling nearly $1.8 million. As a result, the Jewelry Center was sold at a non-judicial foreclosure sale to D.A.N. for $100,000.[2] D.A.N. was the sole bidder on the property.

Shortly after the Jewelry Center was sold at the non-judicial foreclosure sale, D.A.N. sued the Binafards in district court to recover damages for waste. Specifically, D.A.N. contended that the Binafards committed bad faith waste which substantially impaired D.A.N.'s security interest in the Jewelry Center.[3]

The case was tried to a jury. The jury concluded the Binafards committed bad faith waste and awarded D.A.N. over $2.8 million in damages. The Binafards filed a motion for a new trial and a renewed motion for judgment as a matter of law. Both were denied.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The facts of this case are well known to the parties and are repeated only as necessary to clarify our discussion.

2. Under California law, after a non-judicial foreclosure sale, the trustor-debtor has no statutory right of redemption. In return, a deficiency judgment against the trustor-debtor is unavailable after a non-judicial foreclosure sale. *See* Cal. Civ. P.Code § 580(d).

3. Although damages for waste against a trustor-debtor are barred following a non-judicial foreclosure sale when the waste results from the depressed condition of the real estate market, under California law, damages for waste are not barred after a non-judicial foreclosure sale when the waste is caused by the "bad faith" acts of the trustor-debtor. *Cornelison v. Kornbluth*, 15 Cal.3d 590, 125 Cal. Rptr. 557, 542 P.2d 981, 991 (Cal.1975).

The Binafards filed a notice of appeal from the judgment and the denial of the two post-trial motions on the grounds that: (1) non-recourse provisions in both the first deed of trust on the Jewelry Center and the promissory note secured by the first deed of trust barred D.A.N. from bringing a bad faith waste damage action against the Binafards; (2) the district court abused its discretion by excluding evidence offered by the Binafards to show that the waste was caused by economic necessity and not bad faith; and (3) the district court abused its discretion by excluding evidence offered by the Binafards to show that they spent at least as much as subsequent owners to maintain the Jewelry Center.

██ First, the Binafards argue that the non-recourse provisions found in the first deed of trust and promissory note bar D.A.N. from obtaining damages for bad faith waste. Notwithstanding these non-recourse provisions, paragraph 19(b) in the first deed of trust permits D.A.N., in the event of default by the Binafards, to exercise "any and all rights and remedies available at law and in equity." In addition, paragraph 14 of the promissory note provides that the non-recourse provisions will not "apply to any action or proceeding brought by [D.A.N. against the Binafards] for specific performance *or to enforce any of [D.A.N.'s] rights in law or in equity under the Note [or] the Deed of Trust* . . . ." D.A.N. sought enforcement of an obligation arising from a statute—i.e., the obligation not to commit waste under California Civil Code § 2929. Thus, the non-recourse provisions do not bar D.A.N. from bringing an action for bad faith waste

against the Binafards. *See e.g., Nippon Credit Bank, Ltd. v. 1333 North Cal. Boulevard et al.,* 86 Cal.App.4th 486, 103 Cal. Rptr.2d 421, 427 (Ct.App.2001) (noting that "nonrecourse borrowers have a special responsibility to protect an asset of theirs that they have pledged to another as the sole security for repayment of a debt.").

██ Because the non-recourse provisions in the first deed of trust and promissory note do not bar D.A.N.'s claim, we next determine whether the Binafards committed bad faith waste on the Jewelry Center. The Binafards' obligation to maintain the Jewelry Center was clearly identified in the first deed of trust.[4] Despite reaping substantial income from the building itself, the Binafards failed to meet their obligation to maintain the property. The Binafards also failed to preserve the value of the Jewelry Center, even though it was a security interest subject to D.A.N.'s lien.

The Jewelry Center was rife with problems. The jury heard evidence of poor or deferred maintenance and service; evidence of numerous violations of codes; and evidence that conditions at the Jewelry Center were unsafe or illegal. Furthermore, the Binafards pocketed millions of dollars from rents and loans secured by the Jewelry Center. At the same time, the Binafards failed to make any repairs other than those necessary to keep the structure open and operational. "Such 'milking' of the security has been recognized as a form of bad faith waste . . . ." *Nippon Credit Bank,* 103 Cal.Rptr.2d at 428.

Thus, there was evidence demonstrating the Binafards: (1) neglected their duty to

---

4. The first deed of trust required that the Binafards: maintain the property "in good and safe condition and repair"; that they "promptly comply with all laws, orders, and ordinances affecting the property, or the use

thereof"; and that they "promptly repair, replace or rebuild any part of the Property which may be destroyed by any casualty, or become damaged, worn or dilapidated."

maintain the Jewelry Center, *see Mills v. Sdrawde Titleholders, Inc. (In re Mills)*, 841 F.2d 902, 906 (9th Cir.1988); (2) impaired the value of D.A.N.'s security interest, *see Nippon Credit Bank*, 103 Cal. Rptr.2d at 429; and (3) committed bad faith waste, *see Cornelison*, 125 Cal.Rptr. 557, 542 P.2d at 991.

■ Next, the Binafards argue that the district court erred by not allowing evidence to show that they lost their investment on a second building purchased, in part, by a $4.1 million loan secured by a second trust deed and promissory note on the Jewelry Center. The Binafards lost their investment in the second building. As a consequence, the Binafards argue the waste suffered by the Jewelry Center was caused by economic necessity—i.e., that they were unable to maintain the Jewelry Center because they lost a substantial sum of money invested in the second building—and not bad faith. We disagree.

An affirmative defense to a bad faith waste action exists where a defendant acts "out of inability to make ends meet financially." *In re Mills*, 841 F.2d at 905. But *Mills* is inapposite to the Binafards' situation. In the instant case, unlike *Mills*, evidence indicates the amount of money removed from the Jewelry Center by the Binafards would have been more than enough to prevent the waste and still allow the Binafards to realize a return on their investment. Further, the *Mills* defendant—unlike the Binafards—had made a capital investment that far exceeded the amount of money that he took away from the building.

Moreover, the trial court ruled that evidence of the Binafards' lost investment in the second building would be unduly prejudicial and would not assist the trier of fact in determining whether the waste was committed in bad faith or was caused by economic necessity. If the Binafards were allowed to present evidence that they lost their investment in the second building, there would have been a need for D.A.N. to conduct a lengthy examination of the reason for this loss. Such evidence would have confused the issue whether the Binafards committed bad faith waste on the Jewelry Center and would have misled and confused the jury. Furthermore, the evidence would have been unduly prejudicial to D.A.N. The Binafards, however, were allowed to introduce other evidence to support an economic necessity defense which the jury apparently rejected. In short, the district court did not abuse its discretion under Federal Evidence Rules 402 and 403 by excluding evidence that the Binafards lost their investment in the second building.

■ Finally, the district court did not abuse its discretion under Rule 403 of the Federal Rules of Evidence by excluding evidence that the Binafards spent at least as much as subsequent owners to maintain the Jewelry Center. Presentation of this evidence and the corresponding rebuttal evidence would have been cumulative. Moreover, we agree with the district court that the evidence would have been unduly prejudicial and would not have assisted the trier of fact in determining whether the Binafards committed bad faith waste during the time they were in possession of the Jewelry Center.

AFFIRMED.