the defendant or proved to a jury beyond a reasonable doubt.

*Booker*, 125 S.Ct. at 756. The Court held that "the Sixth Amendment as construed in *Blakely*" applies to the Sentencing Guidelines. *Booker*, 125 S.Ct. at 746, 756. A sentence enhancement on the basis of facts not established by the guilty plea or admitted by the defendant violates the Sixth Amendment when made under the previously-mandatory Guidelines. *See Ameline*, 409 F.3d at 1077–78.

Reyes argues on appeal that the imposition of the two-point sentence enhancement for obstruction of justice violated his rights under *Blakely*. He requests that we vacate his sentence and remand for resentencing. Accordingly, we determine that Reyes wishes to pursue a remand under *Ameline*, 409 F.3d at 1084–85. Although Reyes has been released from prison, because he faces a three year term of supervised release, the issue is not moot. *See Radmall*, 340 F.3d at 800 n. 3. Because Reyes did not raise the *Blakely* issue before the district court, we review for plain error. *Ameline*, 409 F.3d at 1077–78.

By imposing the two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, the district court increased Reyes' sentence by four months beyond the maximum authorized by the facts established by Reyes' guilty plea. The government argues that this enhancement did not constitute constitutional error because Reyes admitted the facts that supported the enhancement. We disagree. There is no evidence in the record that Reyes admitted to "willfully" obstructing or impeding, or attempting to obstruct or impede, the administration of justice with regard to the post-offense criminal charges for writing checks with insufficient funds. *Cf.* § 3C1.1. Moreover, it is unclear whether Reyes' misstatements to his Pretrial Services Agency officer were materially false. *Cf.* § 3C1.1 n. 4(h), n. 5(c). Thus, the district court's enhancement of Reyes' sentence in reliance on judge-found facts under the then-mandatory Guidelines was constitutional error under *Booker*. *See Ameline*, 409 F.3d at 1077–78.

Next, we must determine whether the error affected Reyes' substantial rights. We conclude that it is "not possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory...." *Id.* at 1084–85. We therefore remand to the district court for determination of whether the sentence would have been materially different under an advisory system, in accordance with the procedure outlined in *Ameline*, 409 F.3d at 1084–85.

**VACATED in part and REMANDED.**

**BENEFICIAL STANDARD LIFE INSURANCE COMPANY, a California Corporation, Plaintiff-counter-defendant—Appellee,**

v.

**J.C. PENNEY LIFE INSURANCE COMPANY, a Texas Corporation; et al., Defendants-counter-claimants—Appellants.**

Beneficial Standard Life Insurance Company, a California Corporation, Plaintiff-counter-defendant—Appellant,

v.

J.C. Penney Life Insurance Company, a Texas Corporation; et al., Defendants-counter-claimants—Appellees.

Nos. 03–55358, 03–55444.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided June 21, 2005.

Luanne Sacks, Gray Cary Ware & Freidenrich Llp, San Francisco, CA, for Plaintiff-counter-defendant—Appellee.

Mitchell C. Tilner, Esq., Horvitz & Levy, Encino, CA, for Defendants-counter-claimants—Appellants.

Carey B. Moorehead, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Los Angeles, CA, for Defendants-counter-claimants—Appellees.

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

J.C. Penney appeals the district court's judgment in favor of Beneficial Standard

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Life Insurance Co. ("Beneficial"), releasing Beneficial from its indemnity and reimbursement obligations as to claims asserted under the policies at issue, numbers 1281 and 1284. Beneficial cross appeals, contending that the court erred in holding that it has an obligation to indemnify and reimburse J.C. Penney for costs incurred responding to any claims under pre-sale Beneficial Fire and Casualty Insurance Company ("BF & C") policies. We have jurisdiction over this diversity action under 28 U.S.C. § 1291.[1] We affirm in part and reverse in part.

### I. Beneficial's Appeal, No. 03–55444

We affirm the district court's summary judgment ruling in favor of J.C. Penney regarding Beneficial's obligation to indemnify J.C. Penney for claims under pre-sale BF & C policies. Article V of the Purchase Agreement clearly states that, "On the terms and subject to the conditions herein set forth, Beneficial will pay, perform and discharge, and indemnify VAIC, BF & C and Penney against and save them harmless from ... all debts, obligations (including contractual obligations) and liabilities (including other tax liabilities) of VAIC and BF & C, contingent or otherwise, disclosed or undisclosed, known or unknown, as the same shall exist on the Closing Date, whether payable on or subsequent to the Closing Date." Article V further states, "Beneficial Standard will reimburse VAIC, BF & C and Penney for any payments or expenses made or incurred by any of them in respect of any such tax liability, debt, obligation or other liability." In addition, Schedule D provides for full indemnification to cover J.C. Penney's contingent liability in the event that the reinsuring company, Transit, was unable to meet its obligations to BF & C.

 The clear language of Article V of the Purchase Agreement supports the district court's conclusion that Beneficial's duty to indemnify J.C. Penney extended to Penney's contingent liabilities, including costs incurred in handling claims under pre-sale BF & C casualty policies following Transit's insolvency. *See* Cal. Civ.Code § 1638. The district court's ruling is further supported by the additional evidence relating to the context of the sale and the intentions of the parties as reflected in contemporaneous documents, such as the Memorandum of Understanding.[2]

### II. J.C. Penney's Appeal, No. 03–55358

In its appeal, J.C. Penney argues that the district court erred in concluding that Beneficial did not have a duty to indemnify J.C. Penney under policies 1281 and 1284 because J.C. Penney unreasonably acknowledged the existence and terms of policy 1281, thereby waiving a lost policy defense. We agree.

Although the California courts historically have required that an indemnity agreement explicitly provide for indemnification against an indemnitee's own negligence, it is not a hard and fast rule. As explained by the California Supreme Court in *Rossmoor Sanitation, Inc. v. Pylon, Inc.,* "the question whether an indemnity agreement covers a given case turns primarily on contractual interpretation, and it is the intent of the parties as expressed in

---

1. "A district court's interpretation of state contract law is reviewed *de novo.*" *Jorgensen v. Cassiday,* 320 F.3d 906, 914 (9th Cir.2003). We also review the district court's decision to grant summary judgment *de novo. S. Cal. Painters v. Best Interiors, Inc.,* 359 F.3d 1127, 1130 (9th Cir.2004).

2. We also conclude that the district court did not abuse its discretion in admitting extrinsic evidence. *See Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004).

the agreement that should control." 13 Cal.3d 622, 119 Cal.Rptr. 449, 532 P.2d 97, 104 (1975). Therefore, "[r]ecent cases have embraced the rule that the intent of the parties controls and have found indemnity agreements apply to the indemnitee's active negligence even where the indemnity agreement does not expressly address the issue of the indemnitee's negligence." *Rooz v. Kimmel,* 55 Cal.App.4th 573, 64 Cal.Rptr.2d 177, 184 (1997).

■ Here, the text of Article V of the Purchase Agreement and the context of the sale establish that the parties intended for Transit to provide 100 percent reinsurance on pre-sale BF & C policies. Further, it is clear that this reinsurance would be backed fully by J.C. Penney's right of indemnity from Beneficial in the event that Transit failed and J.C. Penney became contingently liable for claims on pre-sale BF & C policies. In light of the breadth of Beneficial's indemnity and reimbursement obligations under Article V, we conclude that the parties intended that Beneficial would indemnify J.C. Penney even where Penney acted unreasonably in handling claims on pre-sale BF & C policies. *See Roosmoor,* 119 Cal.Rptr. 449, 532 P.2d at 104; *Rooz,* 64 Cal.Rptr.2d at 185; *SCM Corp. v. Berkel, Inc.,* 73 Cal.App.3d 49, 140 Cal.Rptr. 559, 564 (1977). In light of our conclusion, we also reject the district court's determination that Beneficial's duty to indemnify and reimburse J.C. Penney was discharged because J.C. Penney materially prejudiced the rights Beneficial bargained for under the Purchase Agreement.

Our conclusion is further supported by the fact that BF & C was not to hold "any obligations, liabilities, or business," except those in Schedule D, and that J.C. Penney would not be selling casualty insurance policies after the sale. *Cf. Rooz,* 64 Cal. Rptr.2d at 185. Further, "[t]he purpose of the indemnity law requirement of clear and explicit language appears to be to serve the deterrence/risk-avoidance functions of tort law by looking with disfavor upon attempts by the negligent party to avoid accountability for its own actions." *SCM Corp.,* 140 Cal.Rptr. at 564. This policy justification does not support the application of the explicit language requirement in the context of the buyer-seller relationship between J.C. Penney and Beneficial.

Having determined that Beneficial's indemnification obligation encompasses J.C. Penney's negligence, we need not determine whether the admission of policy 1281 was tantamount to an unreasonable admission of the existence and terms of policy 1284. We note, however, that, in order to trigger coverage under policy 1284, the insured has the burden to provide evidence of both the existence and the material terms of the lost excess policy 1284. *See Dart Indus., Inc. v. Commercial Union Ins. Co.,* 28 Cal.4th 1059, 124 Cal.Rptr.2d 142, 52 P.3d 79, 87–88 (2002).

AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this disposition.

Appellant–Appellee J.C. Penney shall recover its costs on appeal.