**MONSANTO COMPANY, a Delaware Corporation; et al., Plaintiffs—Appellees,**

v.

**PACIFICORP, an Oregon Corporation, Defendant—Appellant.**

No. 04–35173.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2005.

Decided July 27, 2005.

Mark G. Arnold, Esq., Harry B. Wilson, Esq., Husch & Eppenberg, LLC, St. Louis, MO, Randall C. Budge, Esq., Racine, Olson, Nye, Budge & Bailey, Pocatello, ID, for Plaintiffs–Appellees.

J. Walter Sinclair, Esq., L. Jeff Severson, Esq., Stoel Rives LLP, Boise, ID, for Defendant–Appellant.

Before TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

PacifiCorp is a regulated public utility providing retail electrical services to customers in the northwestern United States. Monsanto operates an elemental phosphorous plant at a site near Soda Springs, Idaho. PacifiCorp and its predecessor have provided electrical services to Monsanto since the early 1950's. Monsanto is PacifiCorp's largest single point customer, and electricity represents approximately twenty percent of Monsanto's operating costs. The companies have successfully negotiated power supply agreements between themselves for more than fifty years. They entered into the agreement at issue in this case, the 1995 Agreement, after extensive negotiations.

As a matter of practice, the parties typically initiated negotiations for the next power supply agreement before the existing agreement expired. For example, they began negotiating a new agreement in late 1994, even though the 1991 Agreement did not expire until 1997.[1] Section 2.1 of the 1995 Agreement sets forth the term of this Agreement as follows:

> Subject to the approval of the Idaho Public Utilities Commission, the Agreement shall become effective on November 1, 1995, shall continue in full force in [sic] effect through December 31, 2001 and thereafter shall be renewed annually until either party gives at least one year's written notice of termination.

PacifiCorp claims the earliest date that notice of termination can be given is December 31, 2000—*one year before* the base term expires. Monsanto interprets the 1995 language to mean that the earliest date that the one-year notice of termination can be given is January 1, 2002—*one day after* the base term of the Agreement expires. Consequently, when PacifiCorp gave notice of intent to terminate one year before the base term expired, Monsanto filed suit for declaratory relief claiming that PacifiCorp's notice of termination was ineffective under Section 2.1.

PacifiCorp filed a motion for summary judgment on the ground that Monsanto's claims were barred by judicial estoppel because it had made inconsistent statements to the Idaho Public Utilities Commission ("IPUC") regarding the term of the 1995 Agreement. Monsanto filed a motion for judgment on the pleadings. The district denied both motions, finding that the contract was ambiguous as a matter of law, and that judicial estoppel did not bar Monsanto's claims. Following a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The 1991 Agreement described the term of the contract as follows:

   This agreement shall become effective July 1, 1992, upon execution by both parties hereto, subject to approval of the Idaho Public Utilities Commission, and shall continue through June 30, 1997. This Agreement may be extended for additional two-year terms by Power Company's written acceptance of a written request by Monsanto for such an extension. Such request, the acceptance of which will be at Power Company's sole discretion, must be submitted to Power Company not less than twenty-four (24) months prior to the date the Agreement would otherwise terminate.

bench trial on the merits, the district court granted Monsanto's declaratory relief action. PacifiCorp filed this timely appeal.

We review de novo the district court's decision to deny summary judgment. *Lee v. Gregory,* 363 F.3d 931, 932 (9th Cir. 2004). We review the district court's decision whether to invoke judicial estoppel for an abuse of discretion. *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir.2001). Conclusions of law are reviewed de novo. *Tritchler v. County of Lake,* 358 F.3d 1150, 1154 (9th Cir.2004). Following a bench trial, we review for clear error the district court's findings of fact. *Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 843 (9th Cir.2004); *see also Northern Queen, Inc. v. Kinnear,* 298 F.3d 1090, 1095 (9th Cir.2002) (noting that the standard is "significantly deferential").

■ We agree with the district court that the 1995 Agreement is ambiguous. Under Idaho state law, a contract is ambiguous if its terms "are reasonably susceptible to conflicting interpretations." *First Sec. Bank of Idaho, N.A. v. Murphy,* 131 Idaho 787, 964 P.2d 654, 658 (Idaho 1998). Section 2.1 is reasonably susceptible to conflicting interpretations depending on whether there is a presumption in favor of or against renewal. Since the 1995 Agreement does not mandate which presumption is appropriate, the district court properly denied summary judgment on the ground that it was ambiguous.

■ The district court also properly concluded that judicial estoppel did not bar Monsanto's claims. In determining whether to invoke judicial estoppel, the court considers whether (1) the positions taken are clearly inconsistent; (2) the inconsistent party achieved success in the prior proceeding; and, (3) allowing the inconsistency to stand in the present proceeding would permit an unfair advantage. *New Hampshire v. Maine,* 532 U.S. 742, 750–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

The district court concluded that judicial estoppel did not apply because (1) the IPUC did not rely on Solutia's statement that the contract expires on December 1, 2001, when it approved the merger; and (2) Monsanto did not achieve any unfair advantage by taking an inconsistent position. Contrary to PacifiCorp's argument that "reliance" can be satisfied if the first judicial body *accepts* the alleged inconsistent statement, we have expressly restricted the application of judicial estoppel to cases where the court *relied* on the party's previous inconsistent position. *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London,* 139 F.3d 1234, 1239 (9th Cir.1998). Moreover, there is no evidence that the IPUC "relied" on Solutia's alleged inconsistent statement regarding the term of the Agreement; rather, the IPUC expressly stated that the term of the contract was "in no way relevant" and "completely outside the scope" of the merger proceedings.

With regard to the judgment on the merits, PacifiCorp did not dispute any of the district court's factual findings; instead, it argued that the district court failed to consider all the relevant facts. The district court expressly stated, however, that the failure to discuss any particular piece of evidence in its Findings of Fact was "not an oversight or unintentional omission," but rather, "an indication that the evidence does not support a finding." PacifiCorp did not establish that the district court's factual findings were clearly erroneous, or that it erred as a matter of law in granting Monsanto judgment on the merits.

The judgment of the district court is therefore **AFFIRMED.**