Robert BAYLIS, Plaintiff,

and

Eduardo Perez; et al., Plaintiffs—Appellants,

v.

COUNTY OF RIVERSIDE; et al., Defendants—Appellees.

Robert Baylis, Plaintiff—Appellee,

and

Eduardo Perez; et al., Plaintiffs,

v.

County of Riverside, Defendant—Appellant,

and

Ted Kubota; et al., Defendants.

Nos. 04–55580, 04–55706.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Filed Aug. 10, 2006.

Jill Hunt, Esq., Keller Weber & Dobrott, Irvine, CA, for Plaintiffs and Plaintiffs–Appellants.

Bruce E. Disenhouse, Esq., Kinkle Rodiger & Spriggs, Riverside, CA, Christopher D. Lockwood, Esq., Arias AAEN, PLC, San Bernardino, CA, for Defendants–Appellees.

Before: LEAVY and RAWLINSON, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

Plaintiffs/Appellants Eduardo Perez and Nanci Wisznia appeal the district court's order granting judgment as a matter of law (JMOL) to Defendants on their First Amendment claims. Defendants/Cross-Appellants County of Riverside and county officials cross-appeal the district court's order denying their motion for a new trial and their motion for JMOL as to Plaintiff/Appellee Robert Baylis' First Amendment claims.

1. Proceedings before a judicial or administrative body constitute a matter of public concern if the speech is about "potential or actual discrimination, corruption, or other wrongful conduct by government agencies or officials." *Alpha Energy Sav., Inc. v. Hansen*, 381 F.3d 917, 925 (9th Cir.2004) (citations omitted).

2. Appellee Robert Baylis' testimony before the grand jury touched on matters of public concern, as the grand jury was investigating budget issues and mismanagement in the county's detention services program. Viewing the evidence in the light most favorable to Baylis, the evidence at trial supports the jury's verdict that Baylis was retaliated against in violation of the First Amendment. *See Ostad v. Oregon Health Sciences Univ.*, 327 F.3d 876, 881–82 (9th Cir.2003) (explaining the standard of review).

3. Under *Connick v. Myers*, 461 U.S. 138, 148, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), the critical inquiry in determining whether a public employee's speech addresses a matter of public concern is whether the employee's purpose was to bring some actual or potential wrongdoing to light. We have concluded that speech concerned unprotected personnel matters when the employee was "complaining about her *own* job treatment, not personnel matters pertaining to others." *Thomas v. City of Beaverton*, 379 F.3d 802, 808 (9th Cir.2004) (emphasis in the original) (citations omitted).

4. Perez and Wisznia's expressions constituted matters of public concern because they addressed potential unlawful conduct, misuse of public funds and mismanagement within a government agency. *See Alpha Energy Sav., Inc.*, 381 F.3d at 926 (explaining that this Court has "held that when government employees speak about corruption, wrongdoing, misconduct, wastefulness, or inefficiency by other government employees, their speech is inherently a matter of public concern.") (citations and alteration omitted). Perez and Wisznia voiced their support for Baylis and their concern about the manner in which the personnel investigation of Baylis was proceeding. Their actions were directed toward "personnel matters pertaining to others," conduct we have determined to be protected under the First Amendment. *See Thomas*, 379 F.3d at 808. Having heard such evidence, the jury reasonably concluded that Perez and Wisznia established a First Amendment retaliation claim. *See Id.* at 807–08. Therefore, the district court erred in granting judgment as a matter of law against Perez and Wisznia.[1] *See Monroe v. City of Phoenix*, 248

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Our esteemed colleague in dissent is of the view that the "statements and actions of Perez and Wisznia in support of Baylis ... did not involve matters of public concern."

F.3d 851, 861 (9th Cir.2001) (holding that "[j]udgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that of the jury.") (citation omitted). However, the district court properly denied judgment as a matter of law as to Baylis' claim because the jury's verdict is consistent with the evidence. *See Josephs v. Pacific Bell,* 443 F.3d 1050, 1062–64 (9th Cir.2006) (affirming the district court's decision that the employer was not entitled to JMOL because the evidence supported the jury's verdict.).

5. "A district court's denial of a motion for a new trial ... is 'virtually unassailable' and is subject to reversal only if there is a complete absence of evidence supporting the jury's verdict." *Freund v. Nycomed Amersham,* 347 F.3d 752, 764 n. 13 (9th Cir.2003) (citation omitted). As discussed above, there was no lack of evidence to support the jury's verdict. Therefore, the district court properly denied the motion for new trial. *See Freund,* 347 F.3d at 764, n. 13.

6. The district court enjoys broad discretion in ruling on evidentiary matters. *Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004). Admission of evidence regarding Baylis' termination, his EEOC complaints and Plaintiffs' numerous relocations were all admitted within the court's discretion as relevant evidence. *See Hangarter v. Provident Life and Acc. Ins. Co.,* 373 F.3d 998, 1019 (9th Cir.2004) (discussing the admissibility of relevant evidence.).

The judgment as a matter of law granted by the district court on Perez and Wisz-nia's First Amendment claims is **REVERSED** and the case is **REMANDED** for the district court to REINSTATE the jury's verdicts in their favor. The jury's verdict and the district court's denials of the motions for judgment as a matter of law and new trial on Baylis' First Amendment claim are **AFFIRMED.**

**AFFIRMED in part, REVERSED and REMANDED in part.** Each party is to bear its costs on appeal.

Judge LEAVY, concurring in part and dissenting in part.

I agree with the majority, with the exception of the reversal of the district court's granting of judgment as a matter of law against Perez and Wisznia.

I agree that Baylis's testimony before the grand jury in 2000 touched on matters of public concern. Viewing the evidence in the light most favorable to Baylis, the evidence supports the jury's verdict that Baylis was retaliated against in violation of the First Amendment.

The statements and actions of Perez and Wisznia in support of Baylis, however, did not involve matters of public concern. Their criticisms involved only the length and quality of a 1999 internal personnel investigation of Baylis. Their statements and support for Baylis did not concern possible race discrimination or other matters of significant government misconduct or illegality. Therefore, the jury verdict in their § 1983 claim for First Amendment retaliation is unsupported by the evidence.

A 1999 internal investigation of Baylis was initiated for the purpose of examining

---

However, it is settled that one who lends support to an individual who is subjected to adverse consequences in retaliation for exercising his First Amendment rights enjoys a protected status as well. *See Thomas,* 379 F.3d at 808–09; *see also Ulrich v. City and*

*County of San Francisco,* 308 F.3d 968, 978–79 (9th Cir.2002); *Alpha Energy Sav., Inc.,* 381 F.3d at 925–26. This line of authority supports the jury's verdict in favor of Perez and Wisznia.

Baylis' office conduct and his overall management ability. Perez and Wisznia, in support of Baylis, complained that the investigators were personally biased, were acting in collusion with the Mental Health Administration, were taking longer than necessary, and were fraternizing with the employees being investigated. Perez and Wisznia believed that these factors affected employee morale and impacted the veracity of the investigation. Their statements never mentioned Baylis' grand jury testimony or any issue of possible racial discrimination, racial bias, or illegal activity by their employer.

The majority's reliance on *Alpha Energy Savers, Inc. v. Hansen,* 381 F.3d 917 (9th Cir.2004) and *Thomas v. City of Beaverton,* 379 F.3d 802, 809 (2004) is misplaced. In *Alpha Energy Savers* we stated:

> A public employee's testimony addresses a matter of public concern if it contributes in some way to the resolution of a judicial or administrative proceeding *in which discrimination or other significant government misconduct is at issue*—even if the speech itself would not otherwise meet the *Connick* test were we to consider it in isolation.
>
> . . .
>
> Specifically, if a witness's testimony directly addresses *governmental corruption or discrimination,* it can satisfy the public concern test, even if it is offered in the course of a judicial or administrative proceeding that involves only purely private grievances of issues.

*Alpha Energy Savers,* 381 F.3d at 928 (emphasis added).

In *Alpha Energy Savers,* the plaintiff made statements in support of another person who had alleged racial and age bias in the awarding of county contracts, and the evidence demonstrated that the plaintiff was motivated in part by a desire to expose favoritism and fraud in the county's awarding of the contracts. Similarly, in *Thomas,* we stated that although an employee need not expressly accuse her employer of illegal activity, "she may convey an implicit message of disapproval of the *illegality of the activity* [racial discrimination against another employee] through her conduct by refusing to facilitate or participate in it." *Thomas,* 379 F.3d at 809 (emphasis added).

The 1999 investigation of Baylis involved an internal personnel matter regarding Baylis' management of the division, and did not involve issues of racial discrimination or other illegal conduct. In Perez' and Wisznia's joint trial with Baylis, the jury specifically rejected Baylis' claim of racial retaliation and racial harassment by answering "NO" to the following questions:

— Was race a motivating factor in County's decision to transfer Robert Baylis at a reduction in pay?

— Was race a motivating factor of the Defendant's harassment?

Additionally, Perez' and Wisznia's opinions that the Baylis investigation was taking longer than necessary do not constitute statements concerning government corruption or illegality. Also, their opinions that the investigators were personally biased and improperly fraternizing with the employees do not constitute statements of illegal activity or significant government misconduct. *Cf. Skaarup v. City of North Las Vegas,* 320 F.3d 1040, 1044 (9th Cir. 2003) ("At best, Skaarp was taking sides . . . in a dispute . . . The public interest in bureaucratic infighting is also small.").

Because both the Baylis investigation and Perez' and Wisznia's statements in support of Baylis did not concern possible race discrimination or other significant government illegality or misconduct, Per-

ez' and Wisznia's speech did not involve matters of public concern. I therefore would affirm the district court's granting judgment as a matter of law against Perez and Wisznia.