Dorothy PORTER, Plaintiff–Appellant,

v.

CITY OF AUBURN, a Municipal Corporation; Gregory McPherson; Jane Doe McPherson, and their marital community; Paul Adams; Jane Doe Adams, and their marital community; Kevin Morse; Jane Doe Morse, and their marital community, Defendants–Appellees.

Dorothy Porter, Plaintiff–Appellee,

v.

City of Auburn, a Municipal Corporation; Paul Adams; Jane Doe Adams, and their marital community; Kevin Morse; Jane Doe Morse, and their marital community, Defendants–Appellants,

and

Gregory McPherson; Jane Doe McPherson, and their marital community, Defendants.

Dorothy Porter, Plaintiff–Appellee,

v.

City of Auburn, a Municipal Corporation; Paul Adams; Jane Doe Adams, and their marital community; Kevin Morse; Jane Doe Morse, and their marital community, Defendants,

and

Gregory McPherson; Jane Doe McPherson, and their marital community, Defendants–Appellants.

Nos. 05–35041, 05–35078, 05–35079.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Nov. 3, 2006.

Michael G. Bejarano, Esq., Law Offices of Elizabeth Cordi–Bejarano, Auburn, WA, Daniel Charles Gallagher, Esq., Bainbridge Island, WA, for Plaintiff–Appellant/Plaintiff–Appellee.

Kim M. Tran, Esq., Raul R. Martinez, Esq., Michael Charles Bolasina, Esq., Stafford Frey Cooper, Seattle, WA, for Defendants–Appellees/Defendants/Defendant–Appellant.

Jayne L. Freeman, Esq., Kelly M. Wiley, Keating Bucklin & McCormack Inc. P.S., Seattle, WA, for Defendants–Appellants/Defendants–Appellees/Defendants.

Before: D.W. NELSON, PAEZ, and SMITH, Circuit Judges.

## MEMORANDUM [*]

Dorothy Porter appeals the district court's orders denying her motion to compel discovery, granting summary judgment in favor of defendants on several claims,

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

and denying her motion *in limine* to exclude expert opinion testimony during the trial of the remaining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in all respects. Because of our disposition of this case, all cross-appeals are dismissed as moot.[1]

■ "Discovery requests ... are ... committed to the sound discretion of the trial court ... and [a] decision to deny discovery will not be disturbed except upon the clearest showing that [it] result[ed] in actual and substantial prejudice to the complaining litigant." *Sablan v. Dep't of Fin. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir.1988) (internal citations, quotations omitted). Concerned that "the parties were using discovery inappropriately and were seeking depositions or documents that did not appear relevant to the case," the district court denied several pending discovery motions, including the motion at issue here. Porter's arguments concerning the attorney-client privilege miss the mark because the court below closed discovery under its authority to control pre-trial litigation and to curb discovery abuses. *See* Fed.R.Civ.P. 26(b)(2). The district court did not abuse its discretion.

■ The district court correctly determined that officers Morse and Adams had probable cause to arrest. Porter was charged with the crime of false reporting.[2] She argues that there are genuine issues of material fact precluding summary judgment because she never knowingly gave a

false report to officer Morse. However, the question is not whether Porter was *guilty* of the crime of false reporting, but whether, from the facts and circumstances within the arresting officers' knowledge, a reasonably prudent person would have been warranted in believing that she had committed a public offense. *See Moreno v. Baca*, 431 F.3d 633, 639 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 2900, 165 L.Ed.2d 919 (2006).

The only relevant factual dispute is whether Porter stated that McPherson pointed a gun at her or merely stated that McPherson "held up a shiny object toward her" and then stated, in response to questioning, that the object could have been a gun. This dispute does not preclude summary judgment because, taking Porter's version as true, no reasonable juror could find that the arresting officers lacked probable cause to believe that Porter had "initiate[d] or circulate[d] a ... report or warning of [a] ... crime." Wash. Rev. Code § 9A.84.040.

Although Porter did not use the words "McPherson pointed a gun at me," the circumstances of the encounter preclude a reasonable belief that she had not accused him of criminal conduct. After requesting McPherson's arrest for violating a protection order and being rebuffed when a computer check revealed that the order did not exist, Porter then claimed that McPherson pointed a shiny object at her that might have been a gun. A reasonably prudent person would have been secure in the belief that Porter was accusing McPherson of

---

1. In their cross-appeal, Auburn, Morse and Adams did not seek affirmative relief and requested resolution of several issues only if the case was remanded for further proceedings. McPherson's counsel conceded at oral argument that his cross-appeal was moot in the event that we rejected Porter's appeal.

2. "(1) A person is guilty of false reporting if with knowledge that the information reported, conveyed or circulated is false, he initiates or circulates a false report ... of an alleged occurrence ... of a ... crime ... knowing that such false report is likely to cause ... public inconvenience or alarm.

(2) False reporting is a gross misdemeanor." Wash. Rev.Code § 9A.84.040

criminal conduct in an effort to have him arrested.

The officers also had probable cause to believe that the report was false and made with knowledge of its falsity. Officer Morse interviewed several potential witnesses in the area, none of whom saw McPherson brandish a weapon. McPherson appeared to be credible when he denied pointing any object at Porter. That Porter failed to call 911, make any sort of contemporaneous declaration of alarm, or seek shelter from a person purportedly holding a weapon in her direction also strongly supported the officers' conclusion. Given these, and other, uncontested facts, no reasonable juror could conclude that officers Morse and Adams lacked probable cause to believe that Porter's report of criminal activity was false and made with knowledge of its falsity and that the report was likely to cause public inconvenience or alarm in the form of a fruitless criminal investigation.

■ The district court also properly granted summary judgment in favor of all defendants on Porter's 42 U.S.C. § 1985 claims. Assuming *arguendo* that Porter belonged to a class of persons, however defined, that is protected under federal law for § 1985 purposes, she presented no evidence that defendants' alleged conduct was motivated by her membership in that class rather than by simple personal animosity or economic considerations. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536–38 (9th Cir.1992). Porter's speculation that "[t]he motivation for Auburn and McPherson's rejection of the court order of protection can be found in 18 U.S.C. § 922(g)(8), which makes possession of a firearm a violation of federal law for anyone subject to such an order" does not count as evidence and, in any event, undermines her claim. *See id.* at 1537 (noting that where § 1985 defendants are motivat-

ed by "their economic interests in protecting [their] jobs" a cause of action will not lie).

Porter also assigns error to the district court's decision to allow Dr. Hamm to testify during trial. A district court's decision to admit evidence is reviewed for abuse of discretion and will not be reversed absent prejudice. *Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004).

■ Porter's argument that Dr. Hamm's testimony was "impermissible character evidence" lacks merit because the testimony was offered to show that Porter lacked the ability to accurately remember the events at issue rather than to suggest that she was lying. *See* 4 JACK B. WEINSTEIN ET AL., WEINSTEIN'S FEDERAL EVIDENCE § 607.05[1] (2d ed. 2002) ("A witness's credibility may always be attacked by showing that his or her capacity to observe, remember, or narrate is impaired.... Defects of this type reflect on *mental* capacity for truth-telling rather than on *moral* inducements for truth-telling ... and consequently Rule 608 ... does not apply"). Neither did the testimony "invade the province of the jury" because Dr. Hamm did not suggest that Porter had false memories of the specific events at issue and did not suggest that she was lying. *Cf. Nichols v. Am. Nat'l Ins. Co.,* 154 F.3d 875, 882–84 (8th Cir. 1998) (expert opinion that plaintiff was motivated to lie by desire for financial gain inadmissible). In addition, even assuming error here, it cannot be said in the face of the evidence at trial that "more probably than not, the ... error tainted the verdict." *McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032 (9th Cir.2003) (internal citations, quotations omitted).

Because summary judgment was proper on the probable cause issue, Porter's 42 U.S.C § 1983 and state law claims were

properly dismissed. Given the lack of any evidence supporting an inference of class-motivated conduct, the § 1985 claim was properly dismissed. Therefore, we need not decide the other issues in this case.

The district court's orders and judgment relevant to Porter's appeal are **AF-FIRMED.** All cross-appeals are **DIS-MISSED** as moot.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.