Richard BONOMI, Plaintiff–Appellant,

v.

Marsha GADDINI, Defendant–Appellee.

No. 05–15323.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Jan. 9, 2007.

William E. Weiss, Esq., Law Offices of William E. Weiss, San Francisco, CA, for Plaintiff–Appellant.

William J. McMahon, Office of the California Attorney General, Oakland, CA, for Defendant–Appellee.

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM *

Richard Bonomi ("Bonomi"), a state parole officer, appeals the dismissal of his section 1983 First Amendment retaliation claim following a jury verdict in favor of the defendant. We affirm.

Bonomi alleges that the district court prejudiced the jury by giving advisory instructions and an advisory verdict form as to the purpose of Bonomi's speech; by allowing Marsha Gaddini's ("Gaddini") counsel to cross examine Bonomi as to why Bonomi wanted Gaddini to pay damages; and by failing to give a curative jury instruction on Gaddini's ability to pay.

■ At the close of trial, the district court held that Bonomi's speech regarding inadequate supervision of record keeping and excessive or fraudulent overtime in the parole division of the California Department of Corrections addressed matters of public concern and constituted First Amendment protected speech. The district court nonetheless asked for an advisory jury verdict on whether Bonomi's point in speaking was to raise a matter of public concern or to pursue a private grievance.

Although we question the district court's authority to ask for an advisory jury verdict on a question of law in an action triable by right to a jury, Fed.R.Civ.P. 39(c), any error was more probably harmless than not in light of the strong evidence presented at trial that the principal retaliatory acts complained of by Bonomi could minimally, if at all, be attributed to Gaddini. *See Swinton v. Potomac Corp.,* 270 F.3d 794, 805–06 (9th Cir.2001); *Larez v. Holcomb,* 16 F.3d 1513, 1520 (9th Cir. 1994).

■ At trial, Bonomi failed to object to questions asking why Bonomi wanted Gaddini to pay him damages, so we review this claim for plain error. *Beachy v. Boise Cascade Corp.,* 191 F.3d 1010, 1016 (9th Cir.1999). Even if the district court erred in allowing these statements, which only loosely implied that Gaddini would be personally liable for damages, the error did not affect Bonomi's substantial rights. *Id.* The jury never reached the issue of damages, and it is unlikely that the few statements at issue tainted the jury's liability determination. *Id.* at 1015–16; *Larez,* 16 F.3d at 1520.

■ At the close of trial, Bonomi requested a curative instruction on Gaddini's ability to pay, which the district court refused to give. Bonomi does not allege that the jury instructions misstated the law with regard to Gaddini's liability, so we review the district court's decision for

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

abuse of discretion. *Tritchler v. County of Lake,* 358 F.3d 1150, 1154 (9th Cir.2004); *Beachy,* 191 F.3d at 1012. The district court acted within its discretion in refusing to give an instruction that would have highlighted an issue that assumed minor significance during the trial itself. *Larez,* 16 F.3d at 1519.

Finally, because any errors that occurred during trial were harmless, we need not decide whether Bonomi's speech was protected by the First Amendment under the new test announced in *Garcetti v. Ceballos,* —— U.S. ——, 126 S.Ct. 1951, 1960, 164 L.Ed.2d 689 (2006).

**AFFIRMED.**