**Richard Joseph CRANE, Plaintiff—Appellant,**

**v.**

**B. WHEELER, c/o, High Desert State Prison, in his individual and official capacity, Defendant—Appellee.**

**No. 05–17410.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Richard Joseph Crane, Soledad, CA, pro se.

John William Riches, II, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

California state prisoner Richard Joseph Crane appeals pro se from the district court's partial summary judgment and partial judgment after jury trial in his 42 U.S.C. § 1983 action alleging disciplinary due process violations and retaliation at High Desert State Prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Blueford v. Prunty,* 108 F.3d 251, 255 (9th Cir.1997). We review evidentiary rulings for an abuse of discretion. *Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004). We affirm.

The district court properly granted summary judgment on Crane's claim that his due process rights were violated by disciplinary proceedings that resulted in the loss of good time credits because Crane failed to show that the results of the disciplinary hearings were invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding prisoner must demonstrate conviction or sentence has been successfully overturned before challenging validity of the conviction or sentence); *Blueford,* 108 F.3d at 255 (affirming dismissal without prejudice under *Heck* of damages claims relating to disciplinary proceedings where good time credits involved).

The district court did not abuse its discretion by admitting Officer Fannon's testimony at trial because it was based on his personal observations and his direct participation in the search of Crane's cell. *See* Fed.R.Evid. 801(c).

The district court did not abuse its discretion by admitting a copy of the rules violation report as relevant to show that the disciplinary action was not retaliatory but reasonably advanced a legitimate penological interest. *See* Fed.R.Evid. 403; *see also Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam) (preserving institutional order, discipline, and security are legitimate penological goals).

The district court did not abuse its discretion by admitting a copy of the cell search receipt under the public records exception to the hearsay rule. *See* Fed. R.Evid. 803(8)(B).

Crane's remaining contentions are unpersuasive.

Crane's motion for a preliminary injunction is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.