MEMORANDUM **
Gerry Williams, a California state prisoner, appeals pro se from the district court’s judgment after a jury trial in his 42 U.S.C. § 1983 action alleging, inter alia, that correctional officer Diaz retaliated against him for exercising his First Anendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion. Brother Records, Inc. v. Jardine, 318 F.3d 900, 911 (9th Cir.2003) (motion to amend); Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir.2004) (evidentiary ruling); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (discovery ruling); Campbell v. Burt, *727 141 F.3d 927, 931 (9th Cir.1998) (appointment of counsel). We affirm.
The district court did not abuse its discretion by denying Williams’s motion to amend the complaint under Federal Rule of Civil Procedure 15(b) because Diaz did not expressly or impliedly consent to try the new claim. See Patelco Credit Union v. Sahni, 262 F.3d 897, 906-907 (9th Cir. 2001); see also Save Lake Wash. v. Frank, 641 F.2d 1330, 1340 (9th Cir.1981) (stating that a district court may properly reject an amendment that prejudices a defendant).
The district court did not abuse its discretion by granting Diaz’s motion to exclude Matthew Johnson’s testimony. See Fed.R.Evid. 404(b) (“Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.”); see also Fed.R.Evid. 403 (allowing relevant evidence to be excluded where its probative value is substantially outweighed by the potential for prejudice).
The district court did not abuse its discretion by denying Williams’s motion to compel discovery because Diaz stated that some of the requested documents did not exist and Williams did not articulate how the other documents could lead to the discovery of admissible evidence. See Hallett, 296 F.3d at 751 (“[Bjroad discretion is vested in the trial court to permit or deny discovery.”) (citations omitted). Further, Williams has failed to demonstrate that he suffered any prejudice from the denial of his motion. See id.
The district court did not abuse its discretion by denying Williams’s motion to appoint counsel because the case did not present exceptional circumstances. See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004).
Williams’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.