**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10363 |
| Plaintiff - Appellee, | D.C. No. 2:05-CR-00554-LKK |
| v. | |
| HARVEY L. SEWELL, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted December 2, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Harvey Sewell appeals his jury conviction of one count of conspiracy to

distribute and possess with intent to distribute at least 50 grams of crack cocaine in

violation of 21 U.S.C. §§ 841(a)(1) and 846, and five counts of distribution of at

least 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because the parties are familiar with the facts and procedural history, we will not recount them here.

Sewell contends that the prosecutor's cross-examination of his investigator constituted reversible prosecutorial misconduct. Under controlling circuit law, a prosecutor commits misconduct when he or she attempts to create an impression on the jury by innuendoes in questions when no supporting evidence exists. *See, e.g.*, *United States v. Kojayan*, 8 F.3d 1315, 1324 (9th Cir. 1993); *United States v. Blueford*, 312 F.3d 962 (9th Cir. 2002).

In this case, because defense counsel only objected as to the questions regarding the investigator's failure to contact Phillip's state attorney, we review all other issues for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano,* 507 U.S. 725, 730-36 (1993). Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir. 2004).

Assuming, without deciding, that the prosecutor's questioning was improper, we conclude that there was no plain error requiring reversal. The

evidence of Sewell's guilt, even discounting the testimony of Phillips, was overwhelming. Therefore, the misconduct did not rise to the level of plain error.

We review the district court's evidentiary ruling on the relevancy of the questions regarding the investigator's failure to contact Phillips's state attorney for abuse of discretion. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). Even if we were to find that the district court abused its discretion, we still review to determine whether such an error was harmless. In deciding to overrule the objection, the district court judge also examined the question on Federal Rule of Evidence 403 prejudice grounds. Given the totality of the evidence, any error was harmless. The amount of evidence independent from this questioning that implicated Sewell was substantial. Even if the district court judge had sustained the objection, we conclude it would have been unlikely to have a "substantial effect" on the outcome.

**AFFIRMED.**