**David J. CURRENT, Plaintiff—Appellant,**

**v.**

**Stephen A. PERRY, Administrator, United States General Services Administration, Defendant—Appellee.**

No. 04–16306.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided May 3, 2006.

Gary W. Gorski, Esq., Fair Oaks, CA, for Plaintiff–Appellant.

Daniel M. Karalash, Esq., Sacramento, CA, Andrew Y.S. Cheng, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Before: SILER,* RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM **

1. The district court's decision to exclude the written declaration of Toni Richmond as inadmissible hearsay was not an abuse of discretion. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004) (noting abuse of discretion standard of review). Current failed to demonstrate that the exception for past recollection recorded was applicable in the absence of Ms. Richmond's acknowledgment that she either made or adopted the declaration. Additionally, the contemporaneity requirement was not met. *See* FED.R.EVID. 803(5). The residual hearsay exception was also inapplicable because the declaration lacked "circumstantial guarantees of trustworthiness." *See* FED. R.EVID. 807.

2. Failure to admit the verbal hearsay statement of Ms. Richmond was not an abuse of discretion. The statement was neither an excited utterance, because it lacked the requisite startling event, *see* FED.R.EVID. 803(2), nor a present sense impression, because it did not describe an event occurring at the time or one that had just occurred. *See* FED.R.EVID. 803(1).

3. The district court did not abuse its discretion in failing to impose discovery sanctions. The district court's finding that the defendant did not withhold the promotion documents in bad faith was not clearly erroneous. *See Holgate v. Baldwin*, 425 F.3d 671, 675, 680–81 (9th Cir. 2005) (explaining that the district court's assessment of the evidence in deciding

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

whether to impose sanctions is reviewed for clear error); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1115 (9th Cir. 2005) (requiring reversal of a district court's factual findings of an attorney's "bad faith only if they are clearly erroneous") (citation omitted).

■ 4. "Trial courts have broad authority to impose reasonable time limits" during trials. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) (citation omitted). The district court acted within that broad discretion in limiting Current's trial presentation to six hours, particularly since the limitation was based on the time requirements of the first trial, and Current was afforded additional time to complete the examination of his witnesses and to cross-examine the defendant's witnesses. *See General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1508 (9th Cir.1995).

**AFFIRMED.**