STM NETWORKS, INC., a Delaware corporation, Plaintiff–counter–defendant–Appellee,

v.

CLAY PACIFIC S.R.L., a Bolivian corporation; and Pacific Telecom S.A., Defendants–counter–claimants–Appellants,

Emil Youssefzadeh; et al., Counter–defendants–Appellees.

No. 05–55557.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007.*

Filed March 7, 2007.

---

** The Honorable Thelton E. Henderson, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument.

Gerald A. Klein, Esq., Klein & Wilson, Newport Beach, CA, for Plaintiff–counter–defendants–Appellees.

Robert G. Klein, Esq., Law Office of Robert G. Klein, Los Angeles, CA, for Defendants–counter–claimants–Appellants.

Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM **

Defendants Clay Pacific S.R.L., a Bolivian corporation, and Pacific Telecom S.A., a Bolivian limited liability company, appeal the district court's grant of partial summary judgment and the entry of judgment in favor of Plaintiff STM Networks, Inc., following a jury trial, for non-payment of a $485,100 purchase order. We affirm.

1. The district court did not err in granting partial summary judgment to Plaintiff. On de novo review, *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002), we hold that the district court properly limited the scope of trial to whether Plaintiff breached the Business Partnership Agreement *after* the bankruptcy of STM Wireless. Defendants do not point to any pre-bankruptcy breaches by STM Wireless and therefore were not harmed by the limitation of which they complain. Defendants' general claim that the Business Partnership Agreement included a non-contingent, absolute obligation to deliver free equipment to Defendants was rejected by the jury.

2. The district court did not abuse its discretion in giving jury instructions consistent with its ruling on partial summary judgment. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1154 (9th Cir.2004) (holding that a district court's formulation of civil jury instructions is reviewed for abuse of discretion).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

3. We decline to address Defendants' argument, raised for the first time on appeal, that Plaintiff failed to cure its default on the Business Partnership Agreement pursuant to 11 U.S.C. § 365(b)(1). *See Beech Aircraft Corp. v. United States*, 51 F.3d 834, 841 (9th Cir. 1995) (per curiam) ("Usually errors not raised in the trial court will not be considered on appeal."); *Cal. State Employees' Credit Union No. 6 v. Nelson (In re Nelson)*, 561 F.2d 1342, 1348 (9th Cir.1977) (noting that the issue in that case "was never disputed by Nelson in either the bankruptcy court or the district court. Therefore, the issue need not, and will not, be considered by this Court.").

**AFFIRMED.**