**Anthony GASTON, Plaintiff–Appellant,**

v.

**PLEASANT VALLEY STATE PRISON; et al., Defendants–Appellees.**

No. 05–15822.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 24, 2007.*

Filed Oct. 5, 2007.

Anthony Gaston, Corcoran, CA, pro se.

David A. Carrasco, AGCA–Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Defendants–Appellees.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Anthony Gaston appeals pro se from the district court's judgment entered after a jury verdict for defendants in Gaston's action alleging constitutional violations stemming from sexual misconduct by an attending prison physician. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a claim under Fed. R.Civ.P. 12(b). *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004). We review evidentiary rulings for abuse of discretion. *Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004). We affirm.

The district court did not err in dismissing Gaston's First Amendment retaliation claim as his placement in administrative segregation served the prison's legitimate goal of assuring Gaston's security and the integrity of the investigation of his claims against Dr. Huang. *See Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam) (preserving institutional order, discipline, and security are legitimate penological goals).

The district court did not err in dismissing Gaston's right of access to court claim as Gaston did not allege that he suffered an "actual injury" for purposes of standing. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (affirming "actual injury" requirement).

The district court did not abuse its discretion by excluding testimonial evidence of habit that did not involve reflexive or semi-automatic behavior. *See United States v. Angwin,* 271 F.3d 786, 799 (9th Cir.2001) (outlining three-factor analysis of conduct qualifying as evidence of habit), *overruled on other grounds, United States v. Lopez,* 484 F.3d 1186 (9th Cir.2007) (en banc); *see also* Fed.R.Evid. 406.

The district court did not abuse its discretion by excluding exhibits that were irrelevant in that they referred to a later time period or were already read into evidence. *See* Fed.R.Evid. 402 ("Evidence which is not relevant is not admissible."). The district court also did not abuse its discretion in limiting Gaston's questioning of Huang based on relevance. *See id.,* Fed.R.Evid. 403 (excluding evidence when probative value is substantially outweighed by danger of unfair prejudice).

The district court did not abuse its discretion in denying Gaston's motion for appointment of counsel as Gaston presented no exceptional circumstances. *See Burns v. County of King,* 883 F.2d 819, 824 (9th Cir.1989) (per curiam) ("Appointment of counsel in civil matters in the Ninth Circuit is restricted to exceptional circumstances.") (internal quotations and citations omitted).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gaston's remaining contentions are unpersuasive.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.