MEMORANDUM *
Frankie Centner appeals and Clyde Boyd cross-appeals from the district court’s judgment. We affirm.
Under California’s Fair Employment and Housing Act, “exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts.” Okoli v. Lockheed Technical Ops. Co., 36 Cal. App.4th 1607, 1613, 43 Cal.Rptr.2d 57 (1995). “Allegations in the civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust.” Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir.2001). Here, Centner’s FEHA complaint made no mention of the letter or of any retaliatory conduct based on the letter. Even the supplemental information she provided to the Department of Fair Employment and Housing failed to properly put the defendants or the Department on notice that she asserted a claim of retaliation based on her involvement with the letter. Centner therefore failed to exhaust that claim, and the district court committed no error in dismissing it. See id.
Centner signed the bankruptcy documents under penalty of perjury and stated therein that the value of this lawsuit was $3,424. At trial, however, Centner’s position was that she suffered more than one million dollars in damages. Admission of the bankruptcy schedules to establish Centner’s prior inconsistent statements concerning her damages and the value of this lawsuit was not an abuse of discretion. See, e.g., United States v. Morgan, 376 F.3d 1002, 1007 (9th Cir.2004). Centner had an opportunity to persuade the jury to disregard the bankruptcy schedules and to return a larger verdict, but the jury was not persuaded. Because the evidence was not unfairly prejudicial, confusing, or misleading, the district court did not abuse its discretion in admitting it. See Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir.2004).
Boyd argues that the jury’s verdict against him on Centner’s First Amendment retaliation claim was not supported by substantial evidence. To prevail on such a claim, Centner must establish, among other things, that she “spoke as a citizen on a matter of public concern.” Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951, 1958, 164 L.Ed.2d 689 (2006). Centner’s contributions to the letter clearly satisfy this requirement. Moreover, contrary to Boyd’s suggestion, evidence at trial did link him to the alleged retaliation. We find Centner established her prima facie claim for retaliation and that the defendants failed to demonstrate legitimate administrative interests outweigh Centner’s First Amendment rights under the Pickering balancing test. Thomas v. City of Beaverton, 379 F.3d 802, 808 (9th Cir.2004) (citing Pickering v. Bd. of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). Substantial evidence supports the jury’s verdict against Boyd, and we therefore uphold it. See Poppell v. City of San Diego, 149 F.3d 951, 962 (9th Cir.1998).
Boyd alternatively asserts that he is entitled to qualified immunity from Centner’s First Amendment retaliation *593 claim because the law was not clearly established that Centner’s speech involved a matter of public concern or that the balance of interests tilted in her favor. By 1995, however, the law in this circuit was clearly established that Centner’s contributions to the letter were matters of public concern and that the any disruption caused by the investigation of the letter would not weigh heavily against her interest in whisleblowing. See Hyland v. Wonder, 972 F.2d 1129, 1137 (9th Cir.1992); Roth v. Veteran’s Admin. of the U.S., 856 F.2d 1401, 1407-08 (9th Cir.1988). Boyd is therefore not entitled to qualified immunity-
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.