Liani REYNA, Plaintiff–Appellant,

v.

CITY OF PORTLAND; et al., Defendants–Appellees.

No. 05–36063.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed March 20, 2008.

Steve Brischetto, Esq., Attorney at Law, Portland, OR, for Plaintiff–Appellant.

James P. Martin, Esq., Hoffman Hart & Wagner, LLP, Jenifer J. Johnston, Esq., Harry Auerbach, Deputy City Attorney, City Attorney's Office, Portland, OR, for Defendants–Appellees.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

In 1999, Liani Reyna became the first female police officer to be selected to the Portland Police Bureau's Special Emergency Response Team ("SER Team"). As a member of the SER Team, she was exposed to the team's sexist rituals and practices. After a health incident, Reyna resigned from the SER Team. She subsequently brought some of the egregious practices to management's attention. Thereafter, she filed this action against the Police Bureau and the City of Portland, asserting claims for sex discrimination, a sexually hostile workplace, and retaliation. The case was tried to a jury, which returned a verdict in favor of the defendants on all counts. Reyna appeals alleging errors concerning discovery, the exclusion of evidence, jury instructions, and the district judge's refusal to recuse himself. Because

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Reyna has not carried her burden on any of the alleged errors, the judgment in favor of the defendants is affirmed.

The issues raised by Reyna are addressed in the order in which they were raised. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

■ 1. During discovery, Reyna sought evidence relating to her selection to the SER Team and the Police Bureau's violation of a discovery order. We review the district court's denial of discovery for abuse of discretion. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002). Moreover, the Supreme Court has directed that we afford broad discretion to a district court's evidentiary rulings. *Sprint/United Mgmt. Co. v. Mendelsohn*, — U.S. —, 128 S.Ct. 1140, 1144–45, 170 L.Ed.2d 1 (2008).

Reyna's motion to compel discovery concerning the defendants' incomplete records of the SER Team selection process did not seek additional information concerning the SER Team testing, but sought to explore why defendants did not have all the information concerning the testing. Inquiries into why the Police Bureau could not locate documents would have been difficult, distracting, and time-consuming. Moreover, the documents were of minimal relevance because Reyna had been selected for the SER Team despite the alleged bias against women. Accordingly, the district court did not abuse its discretion in denying the motion to compel.

■ The district court also did not abuse its discretion in denying Reyna discovery concerning the defendants' failure to produce certain documents. Although the defendants failed to produce Captain Ratcliff's mitigation file for nine months, they did produce it before the close of discovery with a reasonable explanation for the delay. The district court allowed Reyna to retake a number of depositions at defendants' expense. The court's determination that further discovery as to the reasons for the delay was not likely to lead to evidence related to Reyna's claims of harassment, discrimination, and retaliation was not an abuse of discretion.

■ 2. Reyna asserts that the district court erred in granting defendants' motion *in limine* to exclude evidence of destruction, fabrication, and suppression of evidence concerning her selection to the SER Team and violation of federal records retention regulations. We review the district court's evidentiary rulings for abuse of discretion. *Heyne v. Caruso*, 69 F.3d 1475, 1478 (9th Cir.1995). Although evidence of bias in the SER Team selection process was arguably relevant to showing the motives of members of the SER Team for their alleged subsequent discrimination against Reyna, Reyna sued only the City of Portland and the Police Bureau. Thus, acts of discrimination by SER Team members in the selection process would weigh against the defendants if the defendants knew of the acts and took no corrective action. Management, however, took corrective action by holding second interviews and selecting Reyna. On appeal, Reyna has focused on arguing that the spoliation of evidence concerning the selection process gives rise to a presumption that the missing records contained evidence adverse to the violator. The exclusion of evidence of spoliation could not be an abuse of discretion, however, unless the evidence that was allegedly destroyed was clearly relevant to her claim. Reyna has not shown that the district court's ruling was an abuse of discretion.

■ 3. Reyna sought to present evidence from years before her selection to the SER Team concerning the SER Team selection process and certain discriminatory statements and actions by individuals

who were SER Team members during Reyna's tenure. The district court declined to admit such evidence, and we review its decision for abuse of discretion. With the exception of the Police Bureau's discarding of an allegedly discriminatory physical test in 1997 (which has little or no tendency to prove subsequent discrimination), the excluded evidence concerned alleged acts and statements against two other police women in 1994 and 1995, which the defendants contested. These historic acts did not concern the SER Team, and defendants would have been entitled to present evidence to rebut the women's allegations of what was said and done in 1994 and 1995. As the historic acts were only tangentially relevant to the claims of discrimination in 1999 and 2000, and the statements and acts were contested, the district court did not abuse its discretion in excluding them.

■ 4. Reyna claims that the district court erred in its treatment of her claim under 42 U.S.C. § 1983 by: (a) ruling that her claims for back pay and front pay sought equitable relief, which would be determined by the court; (b) excluding evidence relevant to her § 1983 claim; and (c) failing to instruct the jury on her § 1983 claim. Reyna, however, admits that the legal standards for sexual harassment, sex discrimination, and retaliation under Title VII are the same as for liability under § 1983. We conclude, in light of the jury's verdict in favor of the defendants on all of Reyna's claims, that the district court's ruling as to her claim of back pay, and its failure to instruct the jury on her § 1983 claim, if properly preserved errors, were harmless.

■ The excluded evidence on Reyna's § 1983 claim is the same evidence that she sought to introduce in support of her other claims. She argues, however, that in *Obrey v. Johnson*, 400 F.3d 691 (9th Cir.2005), we held that evidence of a pattern or practice

of discrimination is strong evidence supporting a plaintiff's claim that she has been a victim of discrimination and that it is an abuse of discretion to exclude evidence that other women were subjected to discrimination on the ground that such evidence would require a mini-trial. Reyna's argument is not persuasive. *Obrey* recognizes that we review evidentiary rulings for an abuse of discretion. *Id.* at 694. Moreover, *Obrey* involved "a claim of discriminatory pattern or practice." *Id.* at 698. By contrast, Reyna alleged individual discrimination after being appointed as the first woman on the SER Team. In *Obrey,* we recognized that "anecdotal evidence of past discrimination ... might prove inadmissible in the typical case of individual discrimination." *Id.* Reyna has not shown that the district court's exclusion of evidence supporting her § 1983 claim was an abuse of discretion.

5. Reyna advances four arguments concerning the jury instructions. She asserts that the district court committed reversible error in its instructions concerning (a) conduct within the scope of employment, (b) the definition of adverse employment actions on her sex discrimination claim, (c) the definition of adverse employment action on her retaliation claim, and (d) the failure to instruct the jury on what she needed to prove to show retaliation.

Federal Rule of Civil Procedure 51(c) states that "[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Moreover, in *Hammer v. Gross*, 932 F.2d 842, 847 (9th Cir.1991) (en banc), we held:

This court has enjoyed a reputation as the strictest enforcer of Rule 51; we have declared that there is no "plain error" exception in civil cases in this

circuit.... We have said that the sole permissible deviation from the strictures of Rule 51 is that, where the trial court is aware of the party's concerns with an instruction and further objection would be unavailing, we will not require a formal objection.

(Citation omitted.); *see also Voohries–Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 713–14 (9th Cir.2001). When an issue is properly raised, we have held that a "district court's formulation of jury instructions is reviewed for abuse of discretion, and harmless errors do not require reversal." *Tritchler v. County of Lake,* 358 F.3d 1150, 1154 (9th Cir.2004). We have also noted, however, that a party "is entitled to an instruction on his theory of the case provided that it accurately states the law and is supported by the evidence," *Smith v. Sumner,* 994 F.2d 1401, 1404 (9th Cir.1993), and that an error in instructing the jury requires reversal unless the error is more probably than not harmless, *Swinton v. Potomac Corp.,* 270 F.3d 794, 805 (9th Cir.2001).

■ **a.** Reyna contends that the district court's instruction on the scope of defendants' liability for a sexually hostile workplace was erroneous, vague and internally contradictory because there was no material issue of fact that the acts giving rise to the sexually hostile workplace were within the scope of employment. Reyna raised these arguments in the district court as required by Fed.R.Civ.P. 51, but they are not persuasive. The jury instruction stated that the SER Team members' actions at Camp Rilea were, as a matter of law, within the scope of employment. There remained questions as to whether a number of actions by SER Team members at other times were within their scope of employment. Moreover, Reyna has not shown that the objected to paragraphs of the instruction do not fairly explain when an employer is liable for discriminatory acts that violate the employer's policy, who

is a member of management, and what constitutes adequate remedial action. Reyna has not shown that the district court's formulation of the instruction was an abuse of discretion.

■ **b.** Reyna objects to the trial court's addition of the sentence "Negative employment actions stemming solely from personality conflicts do not constitute discrimination" to its instruction on adverse employment action. Reyna argues that the sentence "is a comment on the evidence suggesting an outcome to the jury" and is misleading and confusing. Although properly preserved, we do not find the argument persuasive. A court may comment on evidence as long as it makes clear that the jury must ultimately decide all questions of fact. *United States v. Sager,* 227 F.3d 1138, 1145 (9th Cir.2000). Also, a court need not define common terms that are readily understandable by the jury. *United States v. Hicks,* 217 F.3d 1038, 1045 (9th Cir.2000). Reyna has not shown that the instruction was incorrect as a matter of law, or that the jury could not understand any term in the instruction. Reyna has not shown that the district court's formulation of the instruction was an abuse of discretion.

■ **c.** On appeal, Reyna argues that the district court failed to give an instruction defining what constitutes an adverse employment action for purposes of the retaliation claim. A review of the record shows that instructions Nos. 14, 15, and 16 cover adverse employment action for Reyna's retaliation claim. Moreover, our review of the colloquy on jury instructions reveals that Reyna did not challenge in the district court the adequacy of the district court's definition of adverse employment action for purposes of her retaliation claim. We recognize that the district judge told counsel that whenever he deviated from counsel's proposed instruction, he would

assume that counsel took exception to the deviation. However, the colloquy on jury instructions reveals that the district judge did not intend that his comment prohibit counsel from raising objections and, in fact, Reyna's counsel was not inhibited from doing so. Indeed, after the district judge made his statement, he asked counsel if they had any objections to the instructions on retaliation and Reyna's counsel asserted several objections, but not the argument Reyna now seeks to raise on appeal. Furthermore, the district court's treatment of Reyna's counsel's other objections indicates that raising the objection would not have been futile. Accordingly, because Reyna did not adequately challenge the definition of adverse employment action for her retaliation claim in the district court, and has not shown that doing so would have been futile, we decline to entertain her challenge on appeal. *See Voohries–Larson*, 241 F.3d at 713–15.

■■■ **d.** Reyna's final challenge to the jury instructions is that the district court did not give her requested jury instruction No. 30, which stated that she "need not prove that she was, in fact, subjected to an unlawful employment practice to prevail on her claim for retaliation." Although it was clear that the district court did not intend to use proposed jury instruction No. 30, Reyna's counsel never mentioned that proposed instruction during the colloquy on jury instructions. In her reply brief, Reyna points to a statement by her attorney during the colloquy that Reyna had to have a reasonable basis for her opposition. However, a review of the complete colloquy reveals that the dialogue concerned whether Reyna had to make a complaint, and not the nature of her complaint. Because Reyna's challenge to this instruction on appeal was not raised in the district court with sufficient precision to alert the district court to its essence, we decline to consider this challenge on appeal. *See id.*

■■■ **6.** Reyna alleges that the district court erred in failing to promptly disclose its relationship with a material witness and in failing to recuse itself when the relationship was finally disclosed. A judge's denial of a recusal motion is reviewed for abuse of discretion. *Jorgensen v. Cassiday*, 320 F.3d 906, 911 (9th Cir.2003). After the close of discovery, Reyna informed the court that she would call a certain attorney as a witness. The judge disclosed that he was acquainted with the attorney, but declined to recuse himself. Although the judge's acquaintance with the attorney at most may have raised an appearance of impropriety, the judge's positive impression of the attorney favored Reyna, and there is no allegation or suggestion of actual bias. In light of the fact that the judge had guided this complex case through discovery, the balance between his duty to sit and the potential of impropriety is sufficiently close to rule out any abuse of discretion.

**7.** Reyna's final argument is that the cumulative effect of all of the district court's errors was to deprive her of a fair trial. Reyna, however, has failed to carry her burden of showing that the district court committed any error, and thus there are no individual errors that might together result in the deprivation of a fair trial.

As the first woman on the Police Bureau's SER Team, Reyna was exposed to sexist practices that defendants admit were puerile and disgusting. It appears that she did not object to the SER Team's practices for a while and finally resigned from the Team after a health incident that raised questions concerning her fitness. The jury heard evidence of the practices and other alleged discriminatory acts and statements and found in favor of the defendants. Reyna has not carried her burden of demonstrating an abuse of discretion in the trial court's discovery orders and ex-

clusion of evidence, of preserving and demonstrating error in the jury instructions, or of showing an abuse of discretion in the trial court's denial of her motion for recusal. Moreover, it appears that many of the challenged rulings, if error, would have been harmless error.

Accordingly, the district court's judgment in favor of the defendants is **AFFIRMED**.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.