MEMORANDUM **
Jonathan Morgan appeals pro se from the district court’s judgment in favor of the defendants following a jury trial in Morgan’s 42 U.S.C. § 1983 action alleging excessive force and deliberate indifference to medical needs. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
The district court did not abuse its discretion when it excluded the medical records and drawing because Morgan failed to authenticate that evidence. See Fed. R.Evid. 803(6), 901(a); United States v. Pang, 362 F.3d 1187, 1192 (9th Cir.2004) (‘We may affirm an evidentiary ruling on any ground supported by the record, regardless of whether the district court relied on the same grounds or reasoning we adopt.”); Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir.2004) (reviewing for abuse of discretion a district court’s evidentiary rulings).
The ruling, made in relation to the cross-motions for summary judgment, that the medical records could be considered as non-hearsay under Federal Rule of Evi *232 dence 808(6), did not render the medical records admissible at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Canada v. Blain’s Helicopters, Inc., 831 F.2d 920, 925 (9th Cir.1987) (explaining that affidavits, although admissible on summary-judgment, “are evidence produced in a form that would not be admissible at trial”).
The district court did not abuse its discretion in denying Morgan’s motions to amend his complaint because amendment would have caused undue delay and prejudice to the defendants. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir.1999).
The jury instruction on de minimis injury accurately and fairly stated the law. See Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (“Eighth Amendment’s prohibition of ‘cruel and unusual’ punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort ‘repugnant to the conscience of mankind.’ ”). Accordingly, the district court’s refusal to give Morgan’s proffered instruction was not error. See United States v. Streit, 962 F.2d 894, 898-99 (9th Cir.1992) (holding that refusal to give a defendant’s proffered instruction was not error where the instructions given by the district court accurately stated the law).
We have considered and reject all other arguments raised on appeal.[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We deny the defendants' motion to dismiss for failure to comply with Ninth Circuit Rule 10-3.1(a). We also deny Morgan's requests for judicial notice.