MEMORANDUM *
Maria Cecilia Sy Chico appeals her conviction and sentence for two counts of subscribing to false tax returns, contending that she was deprived of the opportunity for fair consideration of her defense by the jury. Chico also contends the district court committed plain error by imposing a sentence without stating any reasons, contrary to the requirements of 18 U.S.C. § 3553(c). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm in part, vacate in part, and remand for resentencing.
The district court did not abuse its discretion in denying Chico’s motion to allow jurors to take notes. See United States v. Baker, 10 F.3d 1374, 1403 (9th Cir.1993) (a district court does not abuse its discretion in denying juror note taking when it is concerned that allowing jurors to take notes would distract them from paying attention to the evidence).
While the district court may have abused its discretion in limiting cross-examination, it was not an error that merits reversal because it was not prejudicial to Chico. See, e.g., Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir.2004).
Further, the district court did not abuse its discretion in participating in the trial by briefly questioning Chico. The district court’s questions merely clarified whether she had attended the University of Santo Thomas even though, as she had previously testified, she had not received a bachelor’s degree from that University. Therefore, the record does not show actual bias or an abiding impression that the jury perceived an appearance of advocacy or partiality. See United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988).
Chico argues that the cumulative effect of these alleged errors caused her prejudice. We disagree with the allegation that they are errors. Further, even if errors, they did not more than likely affect the jury’s verdict or its ability to judge the evidence fairly. Therefore, a reversal is not warranted. See United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir.1993).
*201 However, the district court committed plain error by imposing a sentence without adequate explanation, contrary to the requirements of 18 U.S.C. § 3553(c). Under a plain error standard, relief is not warranted unless there is: (1) an error; (2) that was plain; and (3) that affected the defendant’s substantial rights. See Jones v. United States, 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). Even if these conditions are met, reversal is discretionary and will be granted only if the errors “seriously affects the fairness, integrity, or public reputation of judicial proceedings.” United States v. Dallman, 533 F.3d 755, 761 (9th Cir.2008) (quoting United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc)).
Section 3553(c) requires the court to state, at the time of sentencing, “the reasons for its imposition of the particular sentence.... ” “The sentencing judge should set forth enough [explanation] to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his decisionmaking authority.” Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). The district court failed to give any reasons for the imposition of its sentence. That is error, and it is plain error. We are unable to determine whether Chico’s sentence affected Chico’s substantial rights, because the district court failed to explain how the facts in this record (to be analyzed by applying the § 3553 factors) were analyzed. Inadequate explanation effectively deprives the defendant of the right to have his or her sentence meaningfully reviewed. Such deprivation seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Waknine, 543 F.3d 546, 554-55 (9th Cir.2008) (finding plain error where the same district court failed to give any reasons and failed to consider the § 3553(a) factors before imposing the sentence). We therefore vacate the sentence and remand for resen-tencing so the district court can adequately explain its reasoning in the imposition of the sentence.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.