**Greta L. ANDERSON, Plaintiff–Appellee,**

v.

**AMERICAN AIRLINES, Defendant–Appellant.**

No. 08–16859.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2009.*

Filed Nov. 6, 2009.

Ellen Lake, Oakland, CA, for Plaintiff–Appellee.

Kenneth R. O'Brien, Esquire, Littler Mendelson PC, Sacramento, CA, Natalie A. Pierce, Littler Mendelson, PC, San Francisco, CA, for Defendant–Appellant.

Before: RYMER, McKEOWN and N.R. SMITH, Circuit Judges.

**MEMORANDUM ***

Greta Anderson ("Anderson") sued American Airlines, Inc. ("American") for

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

employment discrimination under the California Fair Employment and Housing Act. The jury found that Anderson's perceived mental disability was a motivating reason for her termination by American, awarding her $1 million in emotional distress damages and $238,333 in economic damages. The district court denied American's motion for judgment as a matter of law and motion for a new trial (or in the alternative, remittur).

We review de novo the district court's denial of a motion for judgment as a matter of law, but "[a] jury's verdict must be upheld if it is supported by substantial evidence ... even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay,* 307 F.3d 915, 918 (9th Cir.2002). In making this determination, the court "must view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in the favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Harper v. City of Los Angeles,* 533 F.3d 1010, 1021 (9th Cir.2008) (citation omitted). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs v. Pac. Bell,* 443 F.3d 1050, 1062 (9th Cir.2006). Applying these standards, we conclude that the jury's verdict was supported by substantial evidence, and thus we affirm the district court's denial of American's motion for judgment as a matter of law.

Our standard of review of the district court's denial of a motion for a new trial is very deferential. "[W]e give great deference to the trial court's denial of a motion for a new trial, and will reverse for a clear abuse of discretion only where there is an *absolute absence of evidence* to support the jury's verdict." *Merrick v. Paul Revere Life Ins. Co.,* 500 F.3d 1007, 1013 (9th Cir.2007) (internal citations and quotation marks omitted) (emphasis in original). Because there was substantial evidence to sustain the jury's verdict, the district court did not clearly abuse its discretion in denying American a new trial.

American requested a new trial on the grounds that jury passion and prejudice infused all issues and resulted in excessive damages. However, "[w]e will not disturb an award of damages on appeal unless it is clearly unsupported by the evidence," and it "must be affirmed unless it is 'grossly excessive' or 'monstrous' or 'shocking to the conscience.' " *Chalmers v. City of Los Angeles,* 762 F.2d 753, 760 (9th Cir.1985) (citations omitted). Here, because the damages award was supported by the evidence and was not "grossly excessive" or "monstrous" or "shocking to the conscience," the district court properly upheld the award.

American also appeals several trial issues. Jury instructions are reviewed for abuse of discretion and "must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *White v. Ford Motor Co.,* 312 F.3d 998, 1012 (9th Cir.2002). Taken as a whole, the jury instructions were proper. The district court did not err in refusing American's proposed jury instructions.

Finally, the evidentiary rulings of a district court are reviewed for abuse of discretion. *Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004) (citation omitted). Here, the district court did not abuse its discretion in any of its evidentiary rulings. The decision to admit the disputed evidence fell within the district court's discretion under Federal Rules of Evidence 402 and 403.

**AFFIRMED.**