FILED

**NOT FOR PUBLICATION**

FEB 16 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50429 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01390-LAB-1 |
| v. | |
| ROBERTO LOPEZ-VILLEGAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted February 9, 2011
Pasadena, California

Before: KOZINSKI, Chief Judge, HAWKINS and FISHER, Circuit Judges.

Roberto Lopez-Villegas ("Lopez") appeals his conviction for being found in the

United States after a previous removal, in violation of 8 U.S.C. §§ 1326(a) and (b).

We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Lopez argues that his statements to immigration officials were the result of custodial interrogation, and he was not warned prior to their elicitation consistent with the mandates of *Miranda v. Arizona*, 384 U.S. 436 (1966). The government concedes that Lopez was in custody, so only the issue of interrogation is before us.

"Not every question asked in a custodial setting constitutes 'interrogation.'" *United States v. Mata-Abundiz*, 717 F.2d 1277, 1278 (9th Cir. 1983). Rather, "custodial questioning constitutes interrogation whenever, under all the circumstances involved in a given case, the questions are reasonably likely to elicit an incriminating response from the suspect." *United States v. Booth*, 669 F.2d 1231, 1237 (9th Cir. 1981) (internal quotations omitted).

But Lopez's questioning occurred as part of a routine administrative interview conducted to determine whether any legitimate claim for relief from removal existed. Lopez was removed almost immediately following the interview. Also, DHS had already decided it would not prosecute Lopez by the time the interview occurred, and Lopez was not prosecuted under § 1326 until his later illegal reentry into the United States subjected him to prosecution. Under these circumstances, the district court did not err in finding that Lopez's statements admitting alienage were not likely to elicit an incriminating response. *United States v. Salgado*, 292 F.3d 1169, 1174 (9th Cir. 2002).

2

Any error in admitting a Certificate of Nonexistence of Record to prove lack of consent to reentry was harmless because the A-file custodian testified that Lopez never applied for, or received, legal permission to re-enter the United States after his prior removal, and he had a full and fair opportunity to cross-examine her. *United States v. Orozco-Acosta*, 607 F.3d 1156, 1162 (9th Cir. 2010), *cert. denied*, 2011 U.S. LEXIS 172 (Jan. 10, 2011). At trial, Lopez explicitly waived any argument challenging the scope of the records searches with respect to aliases and alternate dates of birth, so he is barred from making them here. *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004).

**AFFIRMED.**