FILED

APR 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE WASHINGTON, | No. 09-17530 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-01317-MCE-GGH |
| v. | |
| J. FANNON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Jesse Washington, a California state prisoner, appeals pro se from the district

court's judgment following a jury trial in his 42 U.S.C. § 1983 action alleging

excessive force and deliberate indifference to his medical needs.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument, and therefore denies Washington's request for oral
argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion a district court's evidentiary rulings.  *Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004).  We affirm.

The district court did not abuse its discretion by excluding witnesses who were not identified in Washington's original pretrial statement because the topics upon which he alleged they would testify were not relevant.  *See* Fed. R. Evid 402 ("Evidence which is not relevant is not admissible.").  To the extent that Dr. Rosenberg's testimony may have been relevant, the district court properly exercised its discretion because the nature of that testimony should have been anticipated prior to the pretrial conference, and therefore should have been included in Washington's pretrial statement pursuant to the court's previous order. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("'Trial courts have broad authority to impose reasonable time limits.'" (citation omitted)).

Contrary to Washington's contention, defendants were not judicially estopped from denying the use of excessive force based on testimony by another person in another case concerning different events.  *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001) (explaining doctrine of judicial estoppel).

09-17530

Washington's remaining contentions are unpersuasive.

**AFFIRMED**.