**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN L. WISDOM, | No. 11-35306 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00002-CWD |
| v. | |
| TERRY MICHAELSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding[**]

Submitted May 14, 2013[***]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Allen L. Wisdom appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action arising from the probate of his mother's estate. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[*]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo both a dismissal under the *Rooker-Feldman* doctrine and summary judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm in part, vacate in part, and remand.

The district court properly dismissed Wisdom's § 1983 claims under the *Rooker-Feldman* doctrine because the claims amounted to a forbidden "de facto appeal" of a state court judgment and were "inextricably intertwined" with that state court judgment. *Id*. at 1163-65 ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court."); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void").

The district court properly granted summary judgment on Wisdom's claims under 42 U.S.C. §§ 1981, 1985(2) and (3), and 1986 because Wisdom failed to establish a genuine dispute of material fact as to whether he suffered discrimination on the basis of race, ethnicity, or membership in a protected class. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) ("§ 1981

2                                                                              11-35306

creates a cause of action only for those discriminated against on account of their race or ethnicity."); *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) ("It is well-settled that the equal protection language of the second clause of section 1985(2) requires an allegation of class-based animus for the statement of a claim under that clause." (alteration, citation, and internal quotation marks omitted)); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536-38 (9th Cir. 1992) (racial or other select class-based animus is an element of a § 1985(3) claim); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir. 1990) ("A violation of section 1986 . . . depends on the existence of a valid claim under 1985.").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Wisdom's state law claims because no federal claims remained. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (where all federal claims are eliminated before trial, courts generally should decline to exercise supplemental jurisdiction over remaining state law claims); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (reviewing for an abuse of discretion).

However, dismissal of the § 1983 claims should have been without prejudice. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (dismissals under *Rooker-Feldman* are for lack of subject matter jurisdiction);

*Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice). Accordingly, we vacate in part the judgment, and remand for the limited purpose of dismissing the § 1983 claims without prejudice.

Wisdom's contentions concerning the district court's alleged bias and its failure to hear oral arguments on the summary judgment motion are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

11-35306