**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHAEL C. McCOY, | No. 14-35918 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-00327-BLW |
| v. | |
| CANYON COUNTY SHERIFF; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Michael C. McCoy appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims

relating to the civil forfeiture of his vehicle.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A, *Hamilton v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Brown*, 630 F.3d 889, 892 (9th Cir. 2011), and we affirm.

The district court properly dismissed McCoy's due process claim against Yamomoto because Yamomoto was entitled to quasi-judicial immunity. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks are entitled to absolute quasi-judicial immunity from damages claims when they perform tasks integral to the judicial process).

The district court properly dismissed McCoy's due process claims against the Canyon County Sheriff and Fisher on the ground they were entitled to qualified immunity because it would not have been clear to every reasonable officer, at the time of the vehicle's seizure, that the crime of conviction would be simple possession of a controlled substance rather than possession with intent to deliver or distribute a controlled substance. *See Ashcroft v. al-Kidd,* 131 S. Ct. 2074, 2080, 2083 (2011) (explaining two-part test for qualified immunity).

The district court properly dismissed McCoy's Fourth Amendment claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on those claims would necessarily demonstrate the invalidity of McCoy's conviction. *See id.* at 486-87.

The district court properly dismissed McCoy's access-to-courts claim because McCoy had no right of access to litigate his forfeiture claim. *See Simmons*

*v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim").

The district court did not abuse its discretion in declining to retain supplemental jurisdiction over McCoy's state law claims once the federal claims had been dismissed. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review).

We reject McCoy's contention that the district court judge was prejudiced against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED**.

14-35918