NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BURK N. ASHFORD, AKA California Sun,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>ALEX PADILLA,<br><br>     Defendant-Appellee. | No. 15-17417<br><br>D.C. No. 2:15-cv-00714-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding[**]

Submitted February 14, 2017[***]

Before:   GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

  Burk N. Ashford, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

  [***]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations arising from his California trademark renewal application. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007). We affirm.

The district court properly dismissed Ashford's due process claim because Ashford failed to allege facts sufficient to establish a deprivation of a constitutionally protected property interest. *See Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (setting forth elements of a procedural due process claim).

To the extent that Ashford claimed he was entitled to trademark renewal under California law, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over this state law claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 1988) (where all federal claims are eliminated before trial, courts generally should decline to exercise supplemental jurisdiction over remaining state law claims); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

15-17417

Ashford's request for judicial notice and motion for sanctions, filed on October 27, 2016, are denied.

**AFFIRMED.**