NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PAUL LEIGHTON, | No. 15-35139 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-1275-CL |
| v. | **MEMORANDUM**[*] |
| THREE RIVERS SCHOOL DISTRICT, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted June 6, 2017 [**]
Portland, Oregon

Before: GOULD and RAWLINSON, Circuit Judges, and BURNS,[***] District Judge.

Paul Leighton, head custodian at a school in the Three Rivers School District,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Larry Alan Burns, United States District Judge for the Southern District of California, sitting by designation.

brought suit, alleging violations of Americans with Disabilities Act (ADA), 42

U.S.C. § 12101 *et seq*.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; and Or. Rev. Stat. § 659A.046. The district court granted summary judgment in favor of the School District. We affirm.

Leighton raises a number of arguments for the first time in his reply brief, and fails to support most of them with citations to the record. Those arguments are waived. *See Navellier v. Sletten*, 262 F.3d 923, 948 (9th Cir. 2001); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Likewise, issues not supported with argument are also waived, and we do not address them. *See Kohler v. Inter-Tel Techs*., 244 F.3d 1167, 1182 (9th Cir. 2001).

The district court did not abuse its discretion by *sua sponte* striking Leighton's unauthenticated exhibit. *See Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). Nor did Leighton show why he was prejudiced by the district court's action. *See Tritchler v. Cty. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004).

Because Leighton did not obtain full medical clearance to return to work in any capacity until the fall of 2012, the district court did not err in concluding that Leighton's claim for denial of reasonable accommodations arose, at the earliest, at that time. *See Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 90 (2002) (equating lack of medical clearance to return to work with inability to work).

The District was under no obligation to create a part-time position for Leighton in the fall of 2012. *See* 42 U.S.C. § 12111(9)(B) (including reassignment to a *vacant* position in an illustrative list of reasonable accommodations); *Wellington v. Lyon Cty. Sch. Dist*., 187 F.3d 1150, 1155 (9th Cir. 1999) (holding that the creation of a new position is not a reasonable accommodation under the ADA). Even accepting Leighton's representation that the District created a part-time position for him earlier, it was not obligated to do so again. "An institution's past decision to make a concession to a disabled individual does not obligate it to continue to grant that accommodation in the future, nor does it render the

accommodation reasonable as a matter of law." *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 820 (9th Cir. 1999).

Because Leighton was not medically cleared to return to work full-time until December of 2012, reasonable accommodation of his disability was not possible earlier. Even assuming the District failed to engage in the interactive process required under the ADA, it was not liable until reasonable accommodation of his disability was possible. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137–38 (9th Cir. 2001) (citing *Barnett v. U.S. Air, Inc.* 228 F.3d 1105, 1116 (9th Cir. 2000) (en banc), *vacated and remanded on other grounds by US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002)) ("Employers, who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible."). When Leighton was cleared for full-time work, the District immediately rehired him. The District was therefore not liable for either failure to engage in the interactive process or failure to accommodate.

Leighton's argument that the district court improperly put the burden on him to establish a lack of undue hardship confuses two different steps in the burden-shifting analysis set forth in *Barnett*, 535 U.S. at 400–02. Under this analysis, a plaintiff must first show that his proposed accommodation was reasonable on its face. *See Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1156 (9th Cir. 2003) (citing *Barnett*, 535 U.S. at 401). Once a plaintiff does that, the burden shifts to the defendant/employer to show that the proposed accommodation would create an undue hardship. *Barnett*, 535 U.S. at 402. Because the only accommodation Leighton identified—creating a new part-time position for him—was not reasonable on its face, the district court properly found he had not met his burden under the first step of the *Barnett* analysis.

**AFFIRMED**.