**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARACELY HERNANDEZ,

        Plaintiff-Appellant,

and

TERESA TORRES; GLORIA SELEEN,

        Plaintiffs,

v.

ROBERT SNIDER, Dr.; S. SHELTON, Dr.; D. BROWN,

        Defendants-Appellees.

No. 20-35014

D.C. No. 3:17-cv-00624-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 17, 2022[**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Oregon prisoner Aracely Hernandez appeals the district court's judgment in this action for federal civil rights violations and related state law claims. Hernandez and two co-plaintiffs sued Dr. Robert Snider, Dr. Steve Shelton, and David Brown, who were all medical personnel at Coffee Creek Correctional Facility. We affirm.

Hernandez argues that the district court erred in dismissing her 42 U.S.C. § 1983 claims on the ground that she failed to exhaust her administrative remedies. *See Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc); *see also* 42 U.S.C. § 1997e(a). We perceive no reversible error in the district court's disposition of those claims. The district court appropriately reconsidered its dismissal of the § 1983 claim against Defendant Snider and sent that claim to the jury on its merits. *See Albino*, 747 F.3d at 1171. The district court dismissed Hernandez's § 1983 claims against Defendants Shelton and Brown for the independent reason that she had not alleged or shown that they were personally involved in violating her rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). But more to the point, in light of the jury's ultimate verdict that Snider did not violate Hernandez's rights or sexually abuse her, Brown and Shelton could not be liable to her for not preventing him from treating her. *See Rodriguez v. County*

2

*of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018); *cf. City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573, 89 L. Ed. 2d 806 (1986).

Hernandez next argues that the district court abused its discretion in failing to decline to exercise jurisdiction over her Oregon claims after it had dismissed her federal claims. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004); 28 U.S.C. § 1367(c)(3); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). The district court was well within its discretion to retain jurisdiction, particularly when federal claims remained pending throughout the litigation and were ultimately tried to verdict. *See Osborn v. Haley*, 549 U.S. 225, 245, 127 S. Ct. 881, 896, 166 L. Ed. 2d 819 (2007); *Arroyo v. Rosas*, 19 F.4th 1202, 1209–10, 1215–16 (9th Cir. 2021); *cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7, 108 S. Ct. 614, 619 & n.7, 98 L. Ed. 2d 720 (1988).

We decline to consider on appeal any issues Hernandez failed to raise in her opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**