NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES FERNANDO CABEZAS, | No. 23-15369 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-06513-RS |
| v. | |
| CRAIGSLIST, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted November 20, 2024**

Before:    CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Andres Fernando Cabezas appeals pro se from the district court's summary judgment in his action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Med. Lab'y Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 811 (9th Cir. 2002). We affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Cabezas failed to raise a genuine dispute of material fact as to whether defendant knowingly divulged a record or other information pertaining Cabezas to any governmental entity, or whether defendant intruded into a private place, conversation, or matter. *See* 18 U.S.C. § 2702(a)(3) (setting forth conduct prohibited under the Stored Communications Act); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (setting forth the requirements of a claim for intrusion upon seclusion); *Shulman v. Grp. W Prods., Inc.*, 955 P.2d 469, 490 (Cal. 1998) ("To prove actionable intrusion, the plaintiff must show the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff."); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) (explaining that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment").

The district court did not abuse its discretion by rejecting Cabezas's evidentiary objections, denying Cabeza's motion to compel discovery, or declining to require defendant to file a responsive pleading. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004) (setting forth standard of review for a district court's evidentiary rulings); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review for a district court's discovery rulings); *see also United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (explaining that

23-15369

"[d]istrict courts have inherent power to control their dockets" (citation and internal quotation marks omitted)). Because defendant was not required to file a responsive pleading, the district court did not abuse its discretion by not considering the complaint's allegations as admitted.

We reject as without merit Cabezas's contention that the district court was biased against him or that defense counsel engaged in misconduct.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**

23-15369